**H. T. VONDY, Appellant,**

v.

**COMMISSIONERS COURT OF UVALDE COUNTY, Texas et al., Appellees.**

No. 5467.

Court of Civil Appeals of Texas, Eastland.

June 26, 1980.

Rehearing Denied July 17, 1980.

---

Harry A. Nass, Jr., James M. Parker, San Antonio, for appellant.

David R. White, County Atty., Uvalde, for appellees.

RALEIGH BROWN, Justice.

H. T. Vondy sought a writ of mandamus against the Commissioners Court of Uvalde County, Texas and only four of its five members, County Judge J. R. White, Commissioners Gene Ilse, Gilbert Torres, and Norment Foley, to compel them to set a reasonable salary for the office of Constable, Precinct # 6 of Uvalde County, Texas. Commissioner Woodrow Head was not named as a party. The trial court entered judgment denying any relief. Vondy appeals. We vacate the judgment and dismiss the cause.

Vondy was duly elected to the office of Constable, Precinct # 6, Uvalde County, Texas on November 7, 1978, at the general election. He took the oath of office on January 1, 1979, and entered upon his duties as Constable. Vondy appeared before the Commissioners Court on more than one occasion requesting a reasonable salary be set for his office. The named defendant members of the court all voted not to set a salary for the office. Vondy contends that the Commissioners Court and its members are mandated to fix a salary pursuant to the provisions of Tex.Rev.Civ.Stat.Ann. art. 3883i § 1 (1966).

We will not consider the merits of this case because Woodrow Head, one of the duly elected members of the Commissioners Court of Uvalde County, was not made a party in the instant cause. In the early case of *Gaal v. Townsend*, 77 Tex. 464, 14 S.W. 365 (1890), an action was brought to procure a writ of mandamus to compel the county judge to permit the appellant to perform his duties as a county commissioner. The other members of the Commissioners Court were not made parties to the suit. The court said:

> We think it is a general rule that, when the performance of a duty is sought to be compelled by the writ of mandamus, all persons charged with the performance of that duty must be made parties defendant in the writ . . . . .
>
> In a proceeding by mandamus to compel a body of persons to perform an act, all whose duty and privilege it may be to participate in the performance of that act must be made parties defendant.

All the commissioners were charged with the performance of the duty of determining the salary to be paid to Vondy. Woodrow Head's absence is fundamentally erroneous and is noted by this court on its own motion. *Petroleum Anchor Equipment v. Tyra*, 406 S.W.2d 891 (Tex.1966). We believe this to be true even though the court in *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.1974) said:

> Under the provisions of our present Rule 39 it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined.

We hold the absence of Head in the cause at bar is one of those rare instances which deprives the court of jurisdiction.

The judgment of the trial court is vacated, and the cause is dismissed.