**H.T. VONDY, Appellant,**

v.

**COMMISSIONERS COURT OF UVALDE COUNTY, Appellees.**

No. 04–85–00525–CV.

Court of Appeals of Texas, San Antonio.

July 9, 1986.

Rehearing Denied July 31, 1986.

Harry A. Nass, Jr., San Antonio, for appellant.

Lloyd Lochridge, Austin, for appellees.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CANTU, Justice.

This is an appeal from an order discharging the appellees, the Commissioners Court of Uvalde County, from a writ of mandamus on the basis that the writ had been complied with. The appellant, H.T. Vondy, was elected constable for Precinct 6, Uvalde County, Texas on November 4, 1978, and took office on January 17, 1979. Vondy filed an Application for Writ of Mandamus in the 38th District Court of Uvalde County on May 17, 1979, seeking to compel the appellees to set and pay him a reasonable salary. The application was denied. On appeal the Eastland Court of Appeals dismissed the cause on jurisdictional grounds. *See Vondy v. Commissioners Court of Uvalde County*, 601 S.W.2d 808 (Tex.Civ.App.—Eastland 1980).

The Supreme Court reversed and remanded the cause, and instructed the trial court to issue the writ sought by Vondy. The Supreme Court determined that the Texas Constitution, Article XVI, section 61 (Vernon Supp.1986) as amended in 1972, mandates that the Commissioners Court compensate constables on a salary basis and that such salary be reasonable. *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104, 108 (Tex.1981) ("Vondy I"). The Supreme Court expressly rejected the appellees' arguments that they had the discretion to set no salary at all, that because no salary was set when

Vondy accepted the office he could not now claim one, and that because no money was budgeted or available to pay Vondy there was no requirement to provide compensation for Vondy's services.

A writ of mandamus was issued by the trial court on September 17, 1981, ordering the appellees to set a reasonable salary and to extinguish the debt owed Vondy by virtue of his having held the office of constable. The writ further ordered the return of the writ by February 1, 1982, stating what was done in compliance with the writ.

The return was filed on January 27, 1982, wherein the appellees stated that on December 14, 1981, the Commissioners Court met and set a salary of $40.00 per month. The appellees tendered the sum of $960.00 into the registry of the court, representing payment of $40.00 per month for the 24 months Vondy was in office. The appellees also requested that they be discharged from any further duties under the writ.

Vondy objected to the proposed entry of an order discharging appellees, and filed a motion for contempt against the appellees. Vondy alleged that he was not afforded the opportunity for an evidentiary hearing to establish a record concerning the setting of a salary; that a salary of $40.00 per month was unreasonable and capricious and in violation of the mandate of the Supreme Court and the trial court; and that no interest was allotted for payment to Vondy.

A hearing was held on September 16, 1985, and a final judgment signed on October 9, 1985. The trial court discharged appellees from the writ, and denied Vondy's motion for contempt. All relief sought by Vondy was denied by the trial court except entitlement to the compensation set by appellees. All costs were assessed against Vondy.

Vondy presents four points of error. The first three allege that "the trial court erred in discharging the appellees from the writ of mandamus by finding as a matter of law" (1) that a salary of $40.00 per

month is a reasonable salary for the office of constable; (2) that Vondy was not entitled to recover any expenses of office and (3) that Vondy was not entitled to any interest on the unpaid salary amounts from and after the date such payments were due.

Appellees argue that the trial court did not make findings as alleged by Vondy, and furthermore, that the trial court had no jurisdiction to make such findings. The appellees also attack Vondy's points of error as incorrectly failing to assign error on the part of the trial court, to-wit: in failing to state that the trial court erred in not finding that the Commissioners Court acted arbitrarily and abused its discretion.

The Texas Constitution, Article V, section 8 provides, in pertinent part:

> The District Court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law ...[1]

The legislature has not established a method or procedure for invoking the appellate jurisdiction or supervisory control of the district court over the Commissioners Court by any statutory enactment. *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956). However, it is clearly established that the supervisory power of the district court can only be invoked when the Commissioners Court acts beyond its jurisdiction or clearly abuses the discretion conferred upon it by law. *Yoakum County v. Gaines County*, 139 Tex. 442, 163 S.W.2d 393 (1942). If the Commissioners Court does abuse its discretion, the district court has the power and authority to abrogate such actions. *Bomer v. Ector County Commissioners Court*, 676 S.W.2d 662 (Tex.App.—El Paso 1984, writ ref'd n.r.e.). Thus "this supervisory jurisdiction can be invoked in a direct attack in the district court when it is alleged that the Commissioners Court order is voidable as being arbitrary, capricious, unsupported by substantial evidence or that the court has acted beyond its jurisdiction." *Mobil Oil Corp. v. Matagorda County Drainage District No. 3*, 580 S.W.2d 634, 638 (Tex. Civ.App.—Corpus Christi 1979), *rev'd on other grounds*, 597 S.W.2d 910 (Tex.1980).

Analyzing Vondy's points of error to determine the substance of the argument rather than the form of the allegations, as we are required to do under the liberal briefing rules, TEX.R.CIV.P. 422; *Cleaver v. Dresser Industries*, 570 S.W.2d 479 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.), Vondy's argument necessarily complains of the trial court's failure to find that the Commissioners Court acted arbitrarily and capriciously in setting Vondy's salary. In arguing that the trial court erroneously found that what the Commissioners Court did was reasonable, Vondy necessarily argues that the Commissioners Court's actions were unreasonable and an abuse of that court's discretion. Thus the real question before us is whether the district court erred in not finding that the Commissioners Court acted arbitrarily and capriciously and abused its discretion.

Additionally, we construe Vondy's objection or challenge to the appellees' motion for discharge from the writ of mandamus as a direct attack upon the order of the Commissioners Court. Therefore, Vondy has properly invoked the jurisdiction of the district court requiring it to exercise its supervisory control over the Commissioners Court by reviewing the order of the Commissioners Court. However, we note that the district court has no authority to set the salary of the constable. Rather, the Commissioners Court must determine what is a reasonable salary. *See Vondy I, supra*.

At the hearing before the trial court, Vondy offered testimony and evidence concerning what he considered to be a reasonable salary. Appellant testified that he

---

1. TEX. CONST. art. V, § 8 was amended on November 5, 1985. The pertinent language of the section, however, was unchanged.

worked at least 8 hours a day, 6 days each week performing duties as a constable for Precinct 6 during his term of office. Appellant stated that $650.00 would be a reasonable salary; and offered evidence that the two other constables of Uvalde County made $1,001.00 per month and $475.00 per month respectively, plus expenses. Vondy also presented evidence of his expenses incurred in performing his duties as constable, including approximately $3,500.00 spent in modifying a car for patrol purposes.

Four witnesses who were members of the Commissioners Court during the 1978 to 1981 period also testified. Each of these witnesses related that they felt "under the circumstances" $40.00 per month was a reasonable salary for the constable of Precinct 6. These circumstances included: (1) the lack of funds available to pay Vondy; (2) that Vondy knew when he sought and accepted the job that there was no salary; (3) that the Precinct 6 area had adequate law enforcement protection so there was no need for Vondy's services; and (4) that Vondy's concurrent involvement in a private security business presented a conflict in interest in having Vondy serve as constable.[2] The major factor in determining the salary was that the Commissioners Court perceived a lack of need of Vondy's services, since they believed the constable functions were being adequately performed by others. Our review of the record also indicates that the commissioners were concerned with the lack of funds to pay Vondy. In fact, one of the commissioners, Norment Foley, testified that the Commissioners Court set the salary at $40.00 in an attempt to stall paying a larger salary until funds to do so were available.

■ The duties of a precinct constable are set out in TEX.REV.CIV.STAT.ANN. art. 6885 (Vernon 1960);

Each constable shall execute and return according to law all process, warrants, and precepts to him directed and delivered by any lawful officer, attend upon all justice courts held in his precinct and perform all such other duties as may be required of him by law.

Constables are also peace officers, TEX. CODE CRIM.PROC.ANN. art. 2.12 (Vernon Supp.1986); with all of the duties imposed on such officers, including; the prevention of threatened injuries and death, TEX.CODE CRIM.PROC.ANN. art. 6.01–6.07 (Vernon Supp.1986); the assisting of magistrates in the performance of their duties, TEX.CODE CRIM.PROC.ANN. art. 7.01–7.17 (Vernon Supp.1986); and the execution of arrest warrants, TEX.CODE CRIM.PROC. art. 15.16 (Vernon Supp. 1986). Article 2.13 of the Code of Criminal Procedure also sets out duties imposed upon constables as peace officers:

It is the duty of *every* peace officer to preserve the peace within his jurisdiction. To effect this purpose, he shall use all lawful means. He shall in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime. He shall execute all lawful process issued to him by any magistrate or court. He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law. He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried. (Emphasis added).

Once Vondy was duly elected and qualified to serve as constable for Precinct 6, he was obligated to perform these duties prescribed by law. A failure to perform such duties could subject Vondy to prosecution under the Penal Code. *See* TEX.PENAL CODE ANN. § 39.01 (Vernon Supp.1986).

■ In view of these numerous duties imposed upon Vondy, we find that, as a matter of law, $40.00 per month, or the equivalent of $.20 per hour for the time spent by Vondy in performance of his duties is unreasonable.

2. All of these reasons were considered and rejected in *Vondy I,* 620 S.W.2d at 108.

The record is replete with evidence that the Commissioners Court did not deliberate as to what would be a reasonable compensation for Vondy, but rather they considered only the need for Vondy's services. The Commissioners Court cannot attempt to restrict or abolish a constitutionally established office by refusing to reasonably compensate the holder of such office. The Commissioners Court also cannot attempt to abolish or restrict the office of constable by refusing to allow or by preventing the elected official from performing those duties required of him.

The El Paso Court of Appeals in *Bomer v. Ector County, supra,* noted that a commissioners court may elect to use other official departments (such as the sheriff's office) to perform those duties imposed upon constables (such as the service of process) as determined by an exercise of their discretion. However, the delegation of such duties does not eliminate the obligation of a constable to perform such duties where required by law to do so or if called upon to do so; nor does it relieve the Commissioners Court from compensating a constable for other services rendered or which he is obligated to perform. Moreover, the issue of the reasonableness of a $20.00 per month salary in *Bomer* was not before the appellate court as the appellants in that case testified that they did not perform their duties as constables.

The Uvalde Commissioners Court did not set Vondy's salary by evaluating the work performed by or required of Vondy, but considered only those factors previously rejected by the Supreme Court in *Vondy I.* Neither did the Commissioners Court exercise its discretion by assigning some of those duties imposed on Vondy to other law enforcement agencies as was done in *Bomer.*[3] The appellees merely, without any reason or basis other than that already rejected as improper, set Vondy's salary at $40.00 per month. Such act was clearly arbitrary and capricious.

Although Vondy attempted to accept the burden of proving what a reasonable salary was at the district court hearing, we find that the appellees, because of their request for discharge from the writ of mandamus, had the burden of proving that the salary that they set was reasonable. This was not done. There is no evidence in the record supporting the implied finding that the salary set was reasonable. Thus, Vondy's first point of error complaining of the trial court's error in finding that such salary is reasonable is meritorious and is sustained.

In sustaining this point of error, we do not attempt to instruct the Commissioners Court as to what would be a reasonable salary. Such is a determination to be made by the Commissioners Court after proper consideration of relevant factors. *Vondy I.* See also *White v. Commissioners Court of Kimble County,* 705 S.W.2d 322 (Tex.App.—San Antonio 1986, no writ). We note however, that TEX.REV.CIV. STAT.ANN. art. 3912i §§ 1 & 2 (Vernon 1966) provides that the Commissioners Court shall fix the salary of constables in counties with populations of less than 20,000 at not more than $5,000.00 per annum, or in counties of 20,000 to 46,000 at a salary of not more than $6,000.00 per annum. These maximums may be considered by the Commissioners Court in determining what a reasonable salary would be.[4]

Points of error two and three complain of the trial court's failure to find that the Commissioners Court abused its discretion in failing to reimburse Vondy for expenses of office and failing to include inter-

---

3. We do not necessarily agree with the El Paso Court that a Commissioners Court can, even in an exercise of its discretion, delegate those duties imposed on constables by the constitution and statutes of Texas to other law enforcement agencies. However, such question is not before us at this time.

4. The original application for the writ of mandamus alleged that the population of Uvalde County according to the federal census of 1970 was 16,619 persons. The 1980 census determined the population of Uvalde County at 22,441 persons. These figures may be taken into account in determining the applicable salary for the constable position.

est on the unpaid salary amounts. The original application for writ of mandamus filed by Vondy and the writ itself, requested and required only that the appellees set and pay a reasonable salary for the office of constable of Precinct 6 of Uvalde County. Therefore, without expressing an opinion as to entitlement we simply do not consider these complaints as properly before us on appeal. Points of error two and three are overruled.

■ Point of error four complains of the trial court's error in assessing all costs of court against appellant. The opinion of the Supreme Court in *Vondy I* ordered that the appellees pay "all costs in this Court and the Court of Civil Appeals." We find that this order referred only to costs incurred in procuring the writ of mandamus. Nevertheless, as the successful party before this Court, Vondy is entitled to recover all court costs associated with seeking compliance with the writ from the appellees. Point of error number four is sustained.

The judgment of the trial court is reversed and the cause is remanded to the district court with instructions that appellees not be discharged from the writ of mandamus until a reasonable salary is set by the Commissioners Court for the constable of Precinct 6. All costs of this appeal are taxed against appellees.

BUTTS, Justice, dissenting.

I respectfully dissent. The majority opinion treats this case as if the appellate court were reviewing a writ of mandamus decision by the district court and not merely an appeal from a supervisory review order. Actually the writ of mandamus action in the district court was in 1981. That case was resolved by the Supreme Court in *Vondy v. The Commissioners Court of Uvalde County*, 620 S.W.2d 104 (Tex.1981). The Supreme Court directed the district court to issue the writ of mandamus, ordering the Commissioners Court to set a reasonable salary pursuant to constitutional requirements. The writ was issued. The Commissioners Court did set the constable's salary at $40.00 per month at that

time. They filed their return on the writ showing their compliance.

When the salary was set, the constable filed his motion in district court objecting to the discharge of the respondents on the 1981 writ, along with his motion for contempt directed against the Commissioners Court. The question before the district court in its review was whether or not the Commissioners Court abused its discretion in setting the salary at $40.00 per month. The former constable Vondy had the burden to show there was an abuse of discretion.

The record contains the findings upon which the Commissioners Court based its salary determination:

1. Before January 17, 1979, there had never been a constable, Precinct 6, in Uvalde County, nor was there any expressed need for the office.

2. There was no money in the budget for the office.

3. The sheriff and police departments provided adequate peace officer protection.

4. The sheriff's office served all process for the justice of the peace offices in the county without difficulty. They continued to do so after the constable of Precinct 6 was elected.

5. There was no need for the office in Precinct 6 and it was a financial burden.

6. Vondy knew there was no salary set for the office when he ran for the position.

The record reflects that Vondy was in office for two years, that he worked in his own security business fulltime, and that Precinct 6 is within the city and thus all police protection is by the Uvalde Police Department. It is obvious that other officers did the work and that a constable in Precinct 6 was a redundancy.

Under the circumstances of this case, the Commissioners Court of Uvalde County should be permitted to exercise their sound discretion in setting a reasonable salary based on their knowledge of the county's

condition and duties and needs of its officials. The trial court, after hearing the evidence agreed this amount was reasonable. There is no basis for this court to hold the amount was unreasonable as a matter of law.

*Bomer v. Ector County Commissioners Court*, 676 S.W.2d 662 (Tex.App.—El Paso 1984, writ ref'd n.r.e.), decided after *Vondy, supra,* presents *facts closely analogous* to the present case. The constables there sought to have that Commissioners Court set a reasonable salary also. The court of appeals affirmed the trial court's denial of the writ of mandamus. In that case the salary which the petitioners believed was unreasonable was $20.00 per month.

TEX.REV.CIV.STAT.ANN. art. 3912i (Vernon 1966) provides in part:

Sec. 9. The Commissioners Court shall not be required to fix the salaries in all precincts at equal amounts, but shall have discretion to determine the amount of salaries to be paid each ... Constable in the several precincts on an individual basis without regard to the salaries paid in other precincts or to other officials. In arriving at the compensation to be paid the officials governed by the provisions of this Act the Commissioners Courts shall consider the financial condition of their respective counties and the duties and needs of their officials ...

\* \* \* \* \* \*

Since there was no showing of an abuse of discretion, the judgment should be affirmed.

## ON APPELLEES' MOTION FOR REHEARING

As noted in our original opinion in this case, at the hearing on Vondy's objections to the proposed order discharging the Commissioners Court, members of the Commissioners Court testified that $40.00 per month was a reasonable salary "under the circumstances" because: (1) there was lack of funds to pay Vondy; (2) Vondy knew when he sought and accepted the job that there was no salary; (3) the Precinct 6 area

had adequate law enforcement protection so there was no need for Vondy's services; and (4) Vondy's concurrent involvement in a private security business presented a conflict of interest in having Vondy serve as constable.

Again we point out that these reasons were expressly considered and rejected in *Vondy I*, 620 S.W.2d at 108. In *Vondy I* the Supreme Court stated:

[I]t is mandatory that the commissioners court compensate constables on a salary basis.

The commissioners court argues that this constitutional provision only requires the court to compensate these officials on a salary basis if they are compensated at all.... Additionally, it urges that since no other statute mandates a minimum salary, the commissioners court has discretion to set no salary at all.

The commissioners court next argues that since Vondy is also a Class B Security Service Contractor and operates the business for profit, the trial court did not abuse its discretion in denying the mandamus. It argues that a person cannot accept a public office knowing the amount of compensation and then claim more is due.... Also the commissioners court contends that there was no money budgeted or available with which to pay Vondy at the time of his request.

\* \* \* \* \* \*

We do not find the commissioners courts' arguments persuasive. The constitutional provision clearly mandates that constables receive a salary.... Furthermore, we conclude that the commissioners court must set a reasonable salary. While a reasonable salary would be a determination for the commissioners court, Vondy is entitled to be compensated by a reasonable salary.

Clearly, the Supreme Court rejected the same circumstances or factors again considered by the Commissioners Court in determining what a reasonable salary would be. Although the Supreme Court did not hold or say that these circumstances could

not be considered by the Commissioners Court in fixing a reasonable salary for Vondy, in finding the factors to be unpersuasive the court necessarily found that these factors were alone not an adequate basis for determination of a reasonable salary. Therefore, since the Commissioners Court considered no other factors in determining what a reasonable salary would be, consideration of those same factors must once again be unpersuasive and irrelevant.

The appellees' contention in its Motion for Rehearing that "uncorroborated" testimony by Vondy concerning the amount of time he spent in performing the duties of constable "is not only that of a party and interested witness but, as well, is a pure guess unsupported by any record, totally lacking in corroboration and which the Commissioners Court could not dispute," presumes that Vondy had the burden of proving at the hearing what a reasonable salary would be. That in fact is not where the burden should have been placed. Rather, the Commissioners Court, in seeking discharge from the writ of mandamus ordering it to set a reasonable salary, had the burden of establishing that a reasonable salary had been set before being discharged.

Again, since the Commissioners Court considered no circumstances or factors other than those previously rejected as unpersuasive in *Vondy I,* the Commissioners Court has failed to meet its burden of entitlement to discharge from the writ of mandamus.

Moreover, testimony was introduced at the hearing concerning the salaries paid to other constables in Uvalde County. These constables, Arthur Harwell Davis, Jr., and Jack Bain Preston, Jr., were paid in excess of $1,000.00 per month plus expenses and other benefits. As we noted in our original opinion, TEX.REV.CIV.STAT.ANN. art. 3912i §§ 1 & 2 (Vernon 1966) provides that the salary of constables in counties with populations the size of Uvalde County are not to exceed $5,000 or $6,000 per annum. Thus, the other two constables of Uvalde County would have been making more than twice the maximum rate of salary provided by statute. Not only do we fail to see how Vondy's salary at $40.00 per month could be reasonable in light of the other constables being paid in excess of $1,000.00 per month; such also conclusively establishes that the Commissioners Court acted arbitrarily and capriciously in determining Vondy's salary. Furthermore, if the county lacked funds to pay Vondy, as asserted by the Commissioners Court, we fail to see how the Commissioners Court could justify payment to the other constables of more than double the statutory maximums.

Again, we reiterate that Commissioners Court acted arbitrarily and capriciously in failing to provide Vondy with a reasonable salary.

The motion for rehearing is denied.