OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 20, 2001

The Honorable Bill Moore
Johnson County Attorney
2 North Main Street
Cleburne, Texas 76031

Opinion No. JC-0413

Re: Duties of a constable under section 86.021 of the Texas Local Government Code (RQ-0376-JC)

Dear Mr. Moore:

A constable in your county asserts that two of the duties mandated by section 86.021 of the Local Government Code are in conflict. As you explain it, the constable contends that his attendance at every session of the justice court will prevent him from serving process. The justice of the peace has required, on the basis of section 86.021(e), that the constable attend each session. You therefore request, assuming the constable's contention that these duties are in conflict to be the case, that this office determine which of these duties takes precedence over the other. All duties assigned by the legislature to a public officer, without exception, must be performed. *See* Tex. Att'y Gen. Op. No. H-595 (1975) at 2 (statute imposing duty on sheriff to execute process "is absolute in its terms and an inadequate operating budget will not excuse a sheriff's failure" to comply with statutory duties); *see also* Tex. Att'y Gen. Op. Nos. JM-615 (1987), JM-601 (1986), H-1243 (1978); Tex. Att'y Gen. LO-89-51.

The provisions the constable asserts are in conflict are subsections (a) and (e) of Local Government Code section 86.021, which read as follows:

> (a) A constable shall execute and return as provided by law each process, warrant, and precept that is directed to the constable and is delivered by a lawful officer. Notices required by Section 24.005, Property Code, relating to eviction actions are process for purposes of this section that may be executed by a constable.

> . . . .

> (e) The constable shall attend each justice court held in the precinct.

TEX. LOC. GOV'T CODE ANN. § 86.021(a), (e) (Vernon Supp. 2001).

A letter opinion issued by this office in 1998, Attorney General Letter Opinion 98-101, which interpreted subsection (e), concluded that the statute requires attendance by the constable "upon the justice court whenever it is in session—whether the nature of the session be a trial, a docket call, or a hearing." Tex. Att'y Gen. LO-98-101, at 2.

An argument similar to that offered by the constable here was rejected by this office in Attorney General Opinion H-595 (1975). In that case, the question concerned the duty of a sheriff to execute civil process when there was a shortage of deputies for this purpose. Citing the relevant statutory provision then in effect, Attorney General Opinion H-595 said that statute was "absolute in its terms and an inadequate operating budget will not excuse a sheriff's failure to execute process directed to him." Tex. Att'y Gen. Op. No. H-595 (1975) at 2. The duties set forth in section 86.021 are similarly absolute in their terms.

Admittedly, the constable cannot serve process while he is in court. Further, the hours set for court session are not within the control of the constable. To that extent, the time he may devote to any other duties is constrained by his duty to attend the justice court. However, unless the justice court were continuously in session, there are other hours in the day during which the constable may fulfill the duty to execute process. If the constable believes that he still has insufficient time to fulfill both duties, he may apply to the commissioners court under section 86.011 of the Local Government Code for the appointment of a deputy. See TEX. LOC. GOV'T CODE ANN. § 86.011 (Vernon 1999) (requiring constable who desires to appoint deputy to apply to commissioners court for approval). He must, in that instance, "show that it is necessary to appoint a deputy in order to properly handle the business of the constable's office that originates in the constable's precinct." Id. § 86.011(a). The determination of the constable's need for the deputy is left to the commissioners court. See id. The court's discretion in this regard, however, is not unfettered, given that it cannot "attempt to abolish or restrict the office of constable by refusing to allow or by preventing the elected official from performing those duties required of him." Vondy v. Comm'rs Court, 714 S.W.2d 417, 422 (Tex. App.–San Antonio 1986, writ ref'd n.r.e.). In the alternative, process may also be served by the sheriff. See TEX. LOC. GOV'T CODE ANN. § 85.021 (Vernon 1999).

The constable has two independent duties, both of which section 86.021 requires him to fulfill. The statute does not permit him to avoid the duty to attend the court on the ground that it interferes with the duty to serve process.

You have further asked whether a constable who failed to obey a court's order to attend as mandated by section 86.021 would subject himself to punishment for contempt. Pursuant to section 21.001 of the Government Code the court "has all powers necessary for . . . the enforcement of its lawful orders," TEX. GOV'T CODE ANN. § 21.001(a) (Vernon Supp. 2001), and pursuant to section 21.002 (with minor exceptions not relevant here) "may punish for contempt," id. § 21.002(a). However, we are loath to invade the province of the justice of the peace by further comment.

## S U M M A R Y

Subsections (a) and (e) of section 86.021 of the Texas Local Government Code, mandate two independent duties of a constable, each of which must be fulfilled. Should a constable believe that he has insufficient time to fulfill both duties, he may apply to the commissioners court under section 86.011 of the Local Government Code for the appointment of a deputy.

Yours very truly,

JOHN CORNYN
Attorney General of Texas


HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee