OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

June 19, 2001

The Honorable Kaye Messer
Donley County Attorney Pro-Tem
220 South 10th Street
Memphis, Texas 79245

Opinion No. JC-0389

Re: Whether a commissioners court is required to pay the same salary to each of the county's constables (RQ-0337-JC)

Dear Ms. Messer:

You ask whether the Donley County Commissioners Court may set a salary for the constable of precincts 1 and 2 based on the actual needs of those precincts, and whether the salaries for different constables in the same county may differ. The salary of a constable must reflect the duties imposed upon him or her by statute, even if the sheriff is expected to serve process in the constable's precinct. In some cases, the responsibilities of the constable in one precinct of the county are more extensive than those of a constable in another precinct because the first constable has been assigned duties in addition to a constable's statutory duties, or because one precinct has a greater need for law enforcement activities than does another precinct. Under such circumstances, the salaries may vary to reflect those differences in workload, as long as each salary is reasonable. You also ask whether the salary set by the commissioners court for the constable of precincts 1 and 2 is reasonable. The specific amount that constitutes a reasonable salary is a fact question within the discretion of the commissioners court, subject to judicial review for abuse of discretion.

Donley County has two justices of the peace, one elected to precincts 1 and 2 and the other to precincts 3 and 4. *See* TEXAS STATE DIRECTORY 339 (44th ed. 2001) [hereinafter DIRECTORY]. There are also two constables, serving respectively in precincts 1 and 2 and precincts 3 and 4. *See* TEX. CONST. art. V, § 18 (in each county with a population of less than 18,000, commissioners court may divide county into not more than four precincts); DIRECTORY, *supra*, at 339 (population of Donley County is fewer than 4,000).

You inform us that in the last general election the position of constable for precincts 1 and 2 was filled for the first time since 1969, when the commissioners court set an annual salary of $1.00.[1] After the election, the commissioners court set an annual salary of $3,170, plus a vehicle allowance of $100 per month and retirement, for the constable of precincts 1 and 2.[2] The constable for precincts 1 and 2, however, wishes to receive the same compensation as the constable for

---

[1]Letter from Honorable Kaye Messer, Donley County Attorney Pro-Tem, to Ms. Susan Gusky, Chair, Opinion Committee (Jan. 5, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2]*Id.*

precincts 3 and 4, whose annual salary is $17,146.95.[3]  You explain that the sheriff's office has performed the duties of the constable for precincts 1 and 2, serving the warrants and citations that both a constable and sheriff are required to serve when directed to that officer by legal authority. *See* TEX. LOC. GOV'T CODE ANN. §§ 85.021(a), 86.021 (Vernon Supp. 2001) (sheriff and constable shall execute and return process that is directed to the constable or sheriff by a lawful officer); *see also* TEX. R. CIV. P. 15 (writs and process shall be directed to any sheriff or constable within the state); Tex. Att'y Gen. Op. No. H-595 (1975) (sheriff does not have exclusive authority to execute process).  Thus, you suggest that the constable for precincts 1 and 2 will serve no process during his tenure.  The constable "shall attend each justice court held in the precinct," TEX. LOC. GOV'T CODE ANN. § 86.021(e) (Vernon Supp. 2001), but based on information provided by the justice of peace for precincts 1 and 2, you believe that the constable may be required to attend justice court for no more than 24 hours per year.[4]

You state that the position of constable for precincts 3 and 4 has been filled and utilized for over 20 years.[5]  "The constable for precincts 3 and 4 is a 'first response' officer," that is, the sheriff's dispatcher notifies him immediately in every matter requiring a law enforcement officer in the area.[6] Unlike precincts 1 and 2, precincts 3 and 4 cover a rural area some distance from the sheriff's office, and the constable located in this precinct performs many duties in addition to serving process and attending justice court hearings.

You ask whether the Donley County Commissioners Court may set a salary for the constable of precincts 1 and 2 based on the "actual needs" of that precinct.  You also ask the following questions:

> 2.  Can the salaries for different constables in the same county differ?
>
> 3.  Is the salary set by the Donley County Commissioners court for the newly-elected position reasonable?[7]

Article V, section 18 of the Texas Constitution provides for the office of constable, and article XVI, section 61 requires the commissioners courts of all counties to compensate constables on a salary basis.  TEX. CONST. art. V, § 18; art. XVI, § 61; *see also* TEX. LOC. GOV'T CODE ANN. ch. 152 (Vernon 1999 & Supp. 2001) (authority of commissioners court to set salaries of district, county, or precinct officer of employees).  The Texas courts have issued a number of opinions on

---

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

the commissioners courts' responsibility to set salaries for county constables. *See Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992); *Vondy v. Comm'rs Court of Uvalde County*, 620 S.W.2d 104, 108 (Tex. 1981); *Douthit v. Ector County*, 740 S.W.2d 16, 17 (Tex. App.–El Paso 1987, writ denied); *Vondy v. Comm'rs Court of Uvalde County*, 714 S.W.2d 417 (Tex. App.–San Antonio, 1986, writ ref'd n.r.e.); *Bomer v. Ector County Comm'rs Court*, 676 S.W.2d 662 (Tex. App.–El Paso 1984, writ ref'd n.r.e.). In its most recent opinion on constables' salaries, the Texas Supreme Court summarized the law as follows:

> One of the duties the constitution entrusts to the discretion of the commissioners court is the setting of constables' salaries. Tex. Const. art. XVI, § 61. In *Vondy v. Commissioners Court*, 620 S.W.2d 104 (Tex. 1981), we held that this provision imposes a mandatory, ministerial duty on the commissioners courts to set a reasonable salary. *Id*. at 109. Thus, while the district court may order the commissioners court to carry out its constitutional duty to set a reasonable salary, the district court cannot substitute its discretion for that of the commissioners court by making that determination itself. *Id*. Once the commissioners court acts, the district court may review the commissioners' orders to determine if they are arbitrary, or otherwise constitute an abuse of discretion. *Id*.

*Stringer*, 843 S.W.2d at 479-80.

Thus, the commissioners court has broad discretion to set constables' salaries, but there are limits on the court's discretion as indicated by judicial decisions finding that the commissioners court had abused its discretion in setting the constable's salary. In *Vondy v. Commissioners Court of Uvalde County*, 620 S.W.2d 104 ("*Vondy I*"), the constable, Mr. Vondy, sought a writ of mandamus against the commissioners court to compel it to set a reasonable salary for his office as constable of precinct 6, Uvalde County. *Id*. at 104-05. The Texas Supreme Court found that the commissioners court could not refuse to set a salary for the constable. *Id*. at 109. It determined that the district court should have granted the mandamus sought by Vondy. *Id*.

The trial court issued a writ of mandamus ordering the commissioners court to set a reasonable salary and the commissioners court set a salary of $40.00 per month. *Vondy*, 714 S.W.2d at 419. It thereafter sought to be discharged from any further duties under the writ and was discharged by the district court. *Id*. Vondy's appeal of this ruling was heard by the San Antonio Court of Appeals in *Vondy v. Commissioners Court of Uvalde County*, 714 S.W.2d 417 ("*Vondy II*"). *Id*. The commissioners court argued that $40.00 per month was a reasonable salary "under the circumstances," which included (1) the lack of funds available to pay Vondy; (2) that Vondy knew when he sought the job that there was no salary; (3) that the precinct 6 area had adequate law enforcement protection so there was no need for Vondy's services; and (4) that Vondy's concurrent involvement in a private security business presented a conflict of interest in having him serve as constable. *Id*. at 421.

The San Antonio Court of Appeals rejected these factors as not providing an adequate basis for determining a reasonable salary. *Id.* at 425 (motion for rehearing). It pointed out that constables are peace officers, with many duties imposed upon them by the Code of Criminal Procedure, in addition to their duties of serving process and attending upon the justice court under section 86.021(e) of the Local Government Code. *Id.*; *see* TEX. CODE CRIM PROC. ANN. art. 2.12(2) (Vernon 1977 & Supp. 2001) (constables are peace officers); *see also id.* arts. 2.13 (Vernon 1977) (duties of peace officers); 6.05 - .07 (Vernon 1977 & Supp. 2001) (prevention of threatened injuries and death). The commissioners court did not consider the duties imposed upon the constable by statute, evaluate the work performed by or required of Vondy or otherwise deliberate about what would be a reasonable compensation for him, but considered only the four factors rejected by the court, in particular, the county's lack of need for Vondy's services. *Vondy II*, 714 S.W.2d at 422.

The commissioners court may not "attempt to restrict or abolish a constitutionally established office by refusing to reasonably compensate the holder of such office," nor may it "attempt to abolish or restrict the office of constable by refusing to allow or by preventing the elected official from performing those duties required of him." *Id.* at 422. In view of the numerous duties imposed by law upon the constable, the court found that the salary of $40 per month, or $.20 an hour was unreasonable as a matter of law. *Id.* at 421; *see also Douthit*, 740 S.W.2d at 17 (where constable did not serve process or attend court sessions but responded to summons concerning thefts, murders and breaches of the peace, commissioners court abused its discretion in setting salary of $1.00 per year); *Comm'rs Court of Houston County v. Rodgers*, 691 S.W.2d 753, 756 (Tex. App.–Tyler 1985, no writ); (constable's salary of $1.00 per year was the equivalent of no salary at all); *Bomer*, 676 S.W.2d at 664-65 (where constables performed no work, no issue was raised as to reasonableness of salary of $20.00 a month).

We turn to your first question, whether the Donley County Commissioners Court may set a salary for the constable of precincts 1 and 2 based on the "actual needs" of that precinct.[8] *Vondy II* tells us that the commissioners court must be able to articulate a reasonable basis for the salary it sets for the constable. Furthermore, it rejects as inadequate the four factors relied upon by the Uvalde County Commissioners Court in setting the constable's salary, that is, (1) the lack of funds; (2) the constable's knowledge that no salary had been set for the office; (3) the adequacy of law enforcement protection such that the constable's services were not necessary; and (4) the constable's involvement in a private security business. The fact that the sheriff's office has performed the duties of the constable for precincts 1 and 2 so that the constable's services are unnecessary is not an adequate basis for setting the constable's salary. *Vondy II*, 714 S.W.2d at 425. To the extent that you base the "actual needs" of precincts 1 and 2 on the understanding that the sheriff and not the constable will serve process, the "actual needs" of precincts 1 and 2 are not relevant to setting the constable's salary. The constable's salary must reflect his statutory and constitutional duties. *Id.* at 421.

If the commissioners court could authorize the sheriff to serve all process in precincts 1 and 2, removing that function from the constable and transferring it to the sheriff, we believe it could

---

[8]*Id.*

overlook the constable's duty to serve process in setting his salary. *See id.* at 422, n.3 (noting that the Uvalde commissioners court did not attempt to assign any of Vondy's duties to other law enforcement agencies and questioning whether the commissioners court had authority to do so). The commissioners court has some authority to decide which county officer should perform a specific county function, but if the legislature has exclusively delegated a particular duty to a constitutional county officer, the commissioners court may not transfer it to another officer. *See Comm'rs Court of Titus County v. Agan,* 940 S.W.2d 77, 80 (Tex. 1997). Although both the sheriff and the constable have a statutory duty to serve process, the commissioners court may not assign all service of process to the sheriff, because the district and county courts, and not the commissioners court, choose the officer who serves process. *See* TEX. R. CIV. PROC. 15; Tex. Att'y Gen. Op. Nos. JC-0214 (2000) at 4; DM-273 (1993). Only when the commissioners court issues the process necessary to execute its powers and duties, may the court choose whether to direct the process to the sheriff or a constable of the county. *See* TEX. LOC. GOV'T CODE ANN. § 81.022(a) (Vernon 1999).

It is however possible that the constable of precincts 3 and 4 may have more extensive duties than the constable in precincts 1 and 2 because he has been assigned duties in addition to his statutory duties, such as being a "first response" officer, or because precincts 3 and 4 have a greater need for law enforcement activities than do precincts 1 and 2. In setting the salaries of constables, the commissioners court may consider these differences in duties assigned to and performed by constables of different precincts.

You next ask whether the salaries for different constables in the same county may differ. This office has recognized that circumstances might exist "in which certain precinct officials holding equivalent positions might be compensated in differing amounts." Attorney General Opinion JM-770 determined that the commissioners court might prescribe different salaries for the constables of different precincts if the circumstances in each precinct reasonably required different salaries and if each salary is in itself reasonable. Tex. Att'y Gen. Op. No. JM-770 (1987); *see also* Tex. Att'y Gen. Op. No. DM-51 (1991) at 2 (it would not be per se unreasonable for the commissioners court to base the pay scale for justices of the peace on the volume of cases filed in their respective courts). Accordingly, the salaries of constables in different precincts may differ if the circumstances in each precinct reasonably required different salaries and if each salary is in itself reasonable.

You finally ask whether the salary set by the Donley County Commissioners Court for the newly-elected position is reasonable. We cannot advise you whether the salary set for the constable of precincts 1 and 2 is reasonable. The specific amount that constitutes a reasonable salary is a fact question within the discretion of the commissioners court, subject to judicial review for abuse of discretion. *See Stringer,* 843 S.W.2d at 479; Tex. Att'y Gen. Op. Nos. DM-51 (1991) at 2; JM-1019 (1989) at 2; JM-770 (1987) at 3.

## S U M M A R Y

The salaries of constables must reflect the duties imposed upon them by statute, even if the sheriff is expected to serve process in a particular constable's precinct. In some cases, the responsibilities of the constable in one precinct of the county are more extensive than those of a constable in another precinct because the first constable has been assigned duties in addition to a constable's statutory duties, or because one precinct has a greater need for law enforcement activities than does another precinct. Under such circumstances, the salaries may vary to reflect those differences in workload, as long as each salary is reasonable. The specific amount that constitutes a reasonable salary for a constable is a fact question within the discretion of the commissioners court, subject to judicial review for abuse of discretion.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee