ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 13. 2003

The Honorable Tom Maness
Jefferson County Criminal District Attorney
Jefferson County Courthouse
1001 Pearl Street, Third Floor
Beaumont, Texas 77701-3545

Opinion No. GA-0037

Re: County commissioners court's authority over hiring and budgetary matters concerning an elected county officer   (RQ-0603-JC)

Dear Mr. Maness:

In light of a policy the Jefferson County Commissioners Court proposes to adopt as part of the annual budget, you ask a number of questions regarding the court's authority over hiring and budgetary matters, particularly where the court's authority may affect an elected county officer's budget.[1]

We consider the court's authority generally and not with respect to any particular county officer. None of your questions refer to the commissioners court's authority vis-à-vis a particular county officer. Statutes specifically applicable to a particular county officer may provide the officer with more or less authority, relative to the commissioners court, and may lead to a different result. *See, e.g., Commissioners Court of Harris County v. Fullerton*, 596 S.W.2d 572, 576 (Tex. Civ. App.–Houston [1st Dist.] 1980, writ ref'd n.r.e.) (finding, based on statutes applicable to county auditor, that auditor has "impressive array of independent administrative duties and discretionary powers").

## I.    The Proposed Policy

You suggest that the Jefferson County Commissioners Court has proposed a policy intended "to allow" an elected county official to promote an existing employee to fill a position that becomes vacant during the fiscal year and to prohibit the elected official from increasing the newly promoted employee's salary more than three percent of the employee's pre-promotion salary. Request Letter, *supra* note 1, at 1-2. Promoting one employee could, of course, initiate a domino effect: the officer would fill a vacancy by promoting an employee, which resulting vacancy would again be filled by promoting another existing employee. *See id.* at 2. Each promoted employee's salary would be increased no more than three percent, until "the final vacancy [is] either not filled or . . . filled [only]

---

[1]Letter from Honorable Tom Maness, Jefferson County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 2 (Aug. 30, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

at a reduced salary with the" commissioners court's subsequent, express permission. *Id.* An unfilled vacancy would be frozen for the remainder of the budget year, although an elected officer could petition the commissioners court to fill a "frozen" position. *See* Jefferson County, Texas, Classification/Compensation, Staffing, Sick Leave Pay-out & Retirement, 2002/2003 Proposed Changes/Recommendations, attached to Request Letter, *supra* note 1, at 2. An employee hired after commissioners court approval of the officer's petition would be compensated at eighty percent of "the applicable range" unless the department head or elected official were to successfully petition the commissioners court to increase the rate of pay. *Id.*

## II.    Relevant State Statutes

### A.    The county commissioners court's budgetary authority

A county commissioners court's extensive authority over the county's budget is set forth in statutory law. *See Abbott v. Pollock*, 946 S.W.2d 513, 517 (Tex. App.–Austin 1997, writ denied) (stating that commissioners court may exercise only those powers that are expressly conferred upon it or that are necessarily implied from express powers); *accord* Tex. Att'y Gen. Op. No. JC-0584 (2002) at 17 (same). *See generally* TEX. LOC. GOV'T CODE ANN. ch. 111 (Vernon 1999 & Supp. 2003). A letter you prepared for the county judge and commissioners court indicates that Jefferson County prepares its budget in accordance with chapter 111, subchapter C of the Local Government Code.[2]

Under chapter 111, subchapter C, after the commissioners court has approved the annual budget, the court must file a copy of the budget with the county clerk and the county auditor. *See* TEX. LOC. GOV'T CODE ANN. § 111.069 (Vernon 1999). Generally, a commissioners court may expend county funds only in "strict compliance with the budget." *Id.* § 111.070(a). A commissioners court may amend the budget to permit an emergency expenditure in limited circumstances only:

> The commissioners court may authorize an emergency expenditure as an amendment to the original budget only in a case of grave public necessity to meet an unusual and unforeseen condition that could not have been included in the original budget through the use of reasonably diligent thought and attention. If the court amends the original budget to meet an emergency, the court shall file a copy of its order amending the budget with the county clerk . . . .

*Id.* § 111.070(b). The commissioners court may, however, "amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure."

---

[2] *See* Letter from Tom Maness, Jefferson County Criminal District Attorney, to Honorable Carl R. Griffith, Jefferson County Judge; Honorable Jimmie Cokinos, Jefferson County Commissioner; Honorable Mark Domingue, Jefferson County Commissioner; Honorable Everest D. Alfred, Jefferson County Commissioner; and Honorable Waymon Hallmark, Jefferson County Commissioner, at 2 n.2 (July 26, 2002), attached to Request Letter, *supra* note 1 [hereinafter Memorandum].

*Id.* § 111.070(c). And the commissioners court may change the budget "for county purposes." *Id.* § 111.0709.

A commissioners court's power extends beyond the budgeting process to the expenditure of budgeted county funds. For instance, when a county budget has been adopted and certified, the county auditor may not allocate "for any other purpose" an amount budgeted "for a . . . salary or labor account . . . unless an unexpended balance remains in the account after" the obligation has been fully discharged or unless the commissioners court or a county officer cancels the allocation in writing "for a valid reason." *Id.* § 111.093(d). The county treasurer, the "chief custodian of county funds," may disburse county funds only "as the commissioners court may require or direct." *Id.* §§ 113.001, 113.041(a) (Vernon 1999 & Supp. 2003).

### B.    An elected official's authority over his or her employees

An elected county officer, despite the commissioners court's control over the officer's budget, is free to select assistants of his or her "own choice." *Abbott*, 946 S.W.2d at 517. An elected county officer "occupies a sphere of authority, . . . within which another officer may not interfere or usurp." *Renken v. Harris County*, 808 S.W.2d 222, 226 (Tex. App.–Houston [14th Dist.] 1991, no writ) (citing *Pritchard & Abbott v. McKenna*, 350 S.W.2d 333, 335 (Tex. 1961)); *accord Abbott*, 946 S.W.2d at 517; Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3 (quoting *Renken*, 808 S.W.2d at 226). This "sphere of authority" consists of those duties the Texas Constitution and statutes delegate to the officer. *See Renken*, 808 S.W.2d at 226; *Abbott*, 946 S.W.2d at 517. Thus, an elected county officer may "decide how to use the employees who work in his or her office to accomplish the officer's constitutional and statutory duties." Tex. Att'y Gen. Op. No. JC-0239 (2000) at 4. Similarly, although a county commissioners court sets an elected county officer's budget, the officer may determine how best to use the funds to accomplish the office's constitutional and statutory duties. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 6.

Nevertheless, the county commissioners court determines the number of employees an officer may appoint, *see* TEX. LOC. GOV'T CODE ANN. §§ 151.001(a), 151.002, 151.901 (Vernon 1999), and sets officers' and employees' compensation, *see id.* § 152.011, although the amount generally may not be "less than the amount of the salary in effect on January 1, 1972." *Id.* § 152.012.

## III.    Applying the Law to the Issues You Raise

### A.    Your first question

You ask first whether a commissioners court may fund a position of employment in an elected official's department, but impose the condition that, should the present employee vacate the position, one of two circumstances will occur: (1) funds for the position will cease unless the officer obtains the commissioners court's special permission to hire someone who is not currently a county employee; or (2) the position's salary will be reduced to increase a promoted existing employee's salary no more than three percent. *See* Request Letter, *supra* note 1, at 2. Because such a policy would interfere with an elected officer's authority to appoint, we conclude that a commissioners court may not condition the funds in this manner.

The commissioners court's proposed policy interferes with an elected officer's authority to appoint an employee of his or her choice to a position that the commissioners court has approved and for which the court has set compensation. A commissioners court may not tell an elected officer whom he or she may appoint to an approved position. *See Abbott*, 946 S.W.2d at 517. Certainly, a commissioners court may determine whether a particular position in an elected officer's department is warranted each time it considers the annual budget. *See id.* (stating that commissioners court exercises budgetary power over positions in sheriff's office by determining number of deputies, assistants, and clerks sheriff may appoint). Moreover, the commissioners court may set the compensation for the elected officers' employees in each annual budget process. *See id.* (stating that commissioners court's budgetary authority encompasses power to set sheriff's employees' compensation). But, by requiring the officer to promote an existing employee, unless the officer obtains the commissioners court's special approval to hire someone else, the court impermissibly intrudes upon the officer's sphere of authority to select any person he or she chooses (provided that the appointment doesn't violate any other laws, *e.g.*, chapter 573 of the Government Code, relating to nepotism).

## B.     Your second question

We answer your second question similarly. You ask whether a commissioners court may "impose a 'freeze' on hiring to fill" vacant "positions that have been budgeted for" an elected official's office and, if so, whether such a freeze would "be a budget amendment that would require" the commissioners court to declare an emergency under section 111.070 of the Local Government Code. Request Letter, *supra* note 1, at 2.

We conclude that a commissioners court may not, during a budget year, "freeze" a vacant position by requiring an officer to promote an existing county employee or to obtain the court's special permission. Such a policy impermissibly intrudes upon an elected officer's authority to appoint an employee of his or her choice to fill a position that the commissioners court has approved.

## C.     Your third question

You ask next about a commissioners court's authority to reallocate funds that were budgeted for "various capital expenditures." *Id.* By the term "reallocate," we assume you refer to a transfer of funds from one line item to another.

We conclude that a commissioners court may transfer funds from one line item to another existing line item without authorizing an emergency expenditure. *See* Tex. Att'y Gen. LO-97-051, at 2. A commissioners court may "amend the budget to transfer an amount budgeted for one item to another budgeted item without authorizing an emergency expenditure," TEX. LOC. GOV'T CODE ANN. § 111.070(c) (Vernon 1999), although the court may transfer funds "only between existing budgeted items." Tex. Att'y Gen. LO-97-051, at 2. Whether a transfer is permissible is a question of fact that the commissioners court must determine in the first instance. *See id.*

### D.     Your fourth question

You also ask about the "nature" of the commissioners court's "involvement and authority in approving expenditures of county funds after the annual budget is adopted." Request Letter, *supra* note 1, at 2. In particular, you ask whether the court's involvement is "ministerial," or whether the court may "choose not to make a particular budgeted expenditure." *Id.*

The commissioners court's authority is discretionary, not ministerial. A commissioners court's authority encompasses "a power to decide that a particular purchase may not be necessary." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 7. For example, if the county commissioners court does not approve a particular expenditure, the county treasurer may not disburse the necessary county funds. *See* TEX. LOC. GOV'T CODE ANN. § 113.041(a) (Vernon Supp. 2003). In addition, as a general matter, only a commissioners court may make contracts binding upon the county. *See* Tex. Att'y Gen. Op. No. JC-0214 (2000) at 7. Nevertheless, the commissioners court's authority is limited to the extent that its refusal to approve a requested expenditure precludes an elected officer from carrying out the legal responsibilities of the office. *See Vondy v. Comm'rs Ct.*, 714 S.W.2d 417, 422 (Tex. App.–San Antonio 1986, writ ref'd n.r.e.) (stating that commissioners court cannot attempt to restrict elected officer in performance of required duties); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 4 (quoting *Vondy*). Whether a particular refusal precludes an elected officer from carrying out his or her official duties is a question of fact that the commissioners court must determine in the first instance.

### E.     Your fifth question

Finally, you ask whether a commissioners court may reduce an elected official's budget after the court has adopted the budget, *i.e.*, in the middle of the county's fiscal year. *See* Request Letter, *supra* note 1, at 1. You specify that you recognize that an elected county officer's salary may be changed only during the annual budget process. *See id.*; *see also* TEX. LOC. GOV'T CODE ANN. § 152.013 (Vernon 1999); Tex. Att'y Gen. LO-94-082, at 1-2 (and opinions cited therein) (recognizing that commissioners court may modify elected county officer's salary only during regular budget hearing).

To the extent that you ask about amendments that consist of transferring funds from one budgeted item to another, section 111.070(c) of the Local Government Code clearly authorizes the court to so amend its budget. *See* TEX. LOC. GOV'T CODE ANN. § 111.070(c) (Vernon 1999). The court may transfer the funds even in the absence of an unforeseeable "grave public necessity." *Id.* § 111.070(b). Nothing indicates that a commissioners court's authority to transfer funds does not apply to an elected county officer's budget, although the commissioners may not, by transferring funds from an elected county officer's budget, thereby prevent the officer from performing his or her required duties. *See Vondy*, 714 S.W.2d at 422 (stating limits on commissioners court's authority).

A commissioners court may not, on the other hand, reduce an elected official's budget in the middle of a budget year if it does not transfer the funds to another item already included in the county budget unless the commissioners court determines that there is an emergency. *See* TEX. LOC. GOV'T CODE ANN. § 111.070(b) (Vernon 1999); Tex. Att'y Gen. Op. No. JM-784 (1987) at 14.

Section 111.070(b), which refers to emergency "expenditures" only, applies to any budget amendment. *See* Tex. Att'y Gen. Op. JM-784 (1987) at 9-14 (and cases cited therein). Similarly, section 111.0709 of the Local Government Code, which provides that the commissioners court is not prevented from changing "the budget for county purposes," TEX. LOC. GOV'T CODE ANN. § 111.0709 (Vernon 1999), applies only in emergency situations. *See* Tex. Att'y Gen. Op. JM-784 (1987) at 14; Tex. Att'y Gen. LO-97-051, at 2; *cf. Goolsbee v. Tex. & New Orleans R.R. Co.*, 243 S.W.2d 386, 388 (Tex. 1951) (defining "emergency"); *River Rd. Neighborhood Ass'n v. S. Tex. Sports*, 720 S.W.2d 551, 557 (Tex. App.–San Antonio 1986, writ dism'd) (same).

Thus, with the exception of transfers between items included in the county budget, the Jefferson County Commissioners Court "may spend county funds only in strict compliance with the budget" unless an emergency exists. TEX. LOC. GOV'T CODE ANN. § 111.070(a) (Vernon 1999). Whether Jefferson County faces "a case of grave public necessity" requiring an emergency expenditure to "meet an unusual and unforeseen condition that" the county "could not have . . . included in the original budget through the use of reasonably diligent thought and attention" is a question of fact that this office cannot resolve. *Id.* § 111.070(b); *see* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that opinion process does not determine facts).

## S U M M A R Y

A commissioners court may not impose the condition on a position of employment in an elected official's department such that, if the present employee vacates the position, funds for the position's salary either (1) will cease unless the officer obtains the commissioners court's special permission to hire someone who is not currently a county employee, or (2) will be reduced to increase a promoted existing employee's salary no more than three percent. Such a condition interferes with an elected officer's authority to appoint an employee of his or her choice to a position that the commissioners court has approved and for which the court has set compensation. For the same reason, a commissioners court may not "freeze" a vacant position and condition filling the position on promoting an existing county employee or obtaining the court's special permission.

A commissioners court may transfer funds from one line item in the county budget to another existing line item in the county budget without authorizing an emergency expenditure. *See* TEX. LOC. GOV'T CODE ANN. § 111.070(c) (Vernon 1999). Thus, to the extent that a budget amendment consists of transferring funds from one budgeted item to another, section 111.070(c) of the Local Government Code clearly authorizes the court to so amend the county budget, even in the absence of an emergency. *See id.* On the other hand, to the extent that a proposed amendment is not a mere transfer, the court may not accomplish the amendment in the absence of an emergency. *See id.* § 111.070(b)-(c).

In general, a county commissioners court has discretionary authority to approve an expenditure proposed by a county officer after the annual budget is adopted, although the court may not, by refusing to approve a requested expenditure, interfere with an elected officer's ability to perform his or her legal duties.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee