The Honorable Wally Hatch District Attorney 64th and 242nd Judicial Districts Hale County Courthouse 500 Broadway, Number 300 Plainview, Texas 79072
Re: Authority of a commissioners court to require a district attorney to relinquish a vehicle (RQ-0270-GA)
Dear Mr. Hatch:
Your predecessor in office asked about the authority of a commissioners court to require a district attorney to relinquish a vehicle.[1]
Your predecessor informed us that the Hale County Commissioners Court historically allocates funds each year to the district attorney's office to be used for that office's vehicles. See
Request Letter, supra note 1, at 1. In 2003, the Commissioners Court budgeted $22,000 for the district attorney's office to purchase a vehicle, and with the money your predecessor purchased a 2003 model pickup truck. See id. The Commissioners Court informed your predecessor that in 2005 it will remove the pickup truck from your office and reallocate it for another county officer's use. See id. This vehicle reallocation is "to occur in conjunction with the implementation of a new County budget, commencing January 1, 2005," which is the beginning of Hale County's fiscal year.[2] According to your predecessor's letter, the Commissioners Court does not intend to provide in the budget for a replacement vehicle for your office.[3] See Request Letter, supra note 1, at 1.
As a result of this action, your predecessor asked two related questions.[4] He first asked: "Can the County Commissioners take a vehicle which has already been purchased and allocated to a department and allocate that particular vehicle to another department?" Id. at 2.
The general legislative authority of the county resides in the commissioners court. See Tex. Const. art. V, § 18. The commissioners court is "the county's principal governing body," and its "powers and duties include . . . aspects of legislative, executive, administrative, and judicial functions." Comm'rs Court of Titus County v. Agan,940 S.W.2d 77, 79 (Tex. 1997). The commissioners court has broad authority in the essentially legislative act of setting the fiscal priorities of the county. See Comm'rs Court of Caldwell County v. CriminalDist. Attorney, Caldwell County, 690 S.W.2d 932, 934 (Tex.App.-Austin 1985, writ ref'd n.r.e.).
Related to your predecessor's question, the principal power of the commissioners court with respect to other county officers is the "power of the purse strings." Tex. Att'y Gen. Op. No. JC-0214 (2000) at 2. This office previously considered a question similar to your predecessor's and determined that should a commissioners court disagree with another county officer about the number of cars that office needs, it is within the commissioners court's authority to reduce that officer's vehicle allotment when the court next considers the budget. See id. at 5. Moreover, your predecessor concedes that this vehicle is entirely the county's property. See Telephone Conversation, supra note 4, at 1. Consequently, we conclude that a commissioners court is permitted to adopt a county budget in which a county vehicle that has been allocated to one county officer, here the District Attorney, is reallocated to another county officer.[5]
Your predecessor next asked: "If [the commissioners court is permitted to allocate vehicles in its budget in this way] what are the guidelines for such an action?" Request Letter, supra
note 1, at 2.
A commissioners court's authority is limited to the extent that its refusal to approve a requested expenditure precludes an elected officer from carrying out the legal responsibilities of the office. See Vondy v.Comm'rs Court, 714 S.W.2d 417, 422 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.) (stating that a commissioners court cannot attempt to restrict an elected officer in performance of required duties); Tex. Att'y Gen. Op. No. JC-0214 (2000) at 4 (quoting Vondy). "Whether a particular refusal precludes an elected officer from carrying out [that officer's] official duties is a question of fact that the commissioners court must determine in the first instance." Tex. Att'y Gen. Op. No. GA-0037 (2003) at 5.
In this case your predecessor does not suggest that the Commissioners Court's failure to allocate a replacement vehicle will preclude you from carrying out your official duties. See Request Letter, supra note 1. Nevertheless, whether the failure to replace your investigator's vehicle will prohibit you from carrying out your official duties is a question of fact to be answered by the Commissioners Court, subject to judicial review. We do not answer questions of fact in the opinion process. See
Tex. Att'y Gen. Op. No. GA-0156 (2004) at 8.
 SUMMARY A commissioners court is permitted to adopt a county budget in which a county vehicle that has been allocated to one county officer is reallocated to another county officer. The commissioners court's budget-making authority is limited to the extent that its refusal to approve a requested expenditure precludes an elected officer from carrying out the legal responsibilities of the office.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 BARRY McBEE First Assistant Attorney General
 DON R. WILLETT Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 Daniel C. Bradford Assistant Attorney General, Opinion Committee
[1] See Letter from Honorable Terry D. McEachern, District Attorney, 64th 242nd Judicial Districts, to Honorable Greg Abbott, Texas Attorney General (Sept. 1, 2004) (on file with Opinion Committee, alsoavailable at http://www.oag.state.tx.us) [hereinafter Request Letter].
[2] See Brief from Robert T. Bass, Attorney at Law, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General at 1 (Oct. 22, 2004) (submitted on behalf of the Hale County Commissioners Court) (on file with Opinion Committee).
[3] For purposes of this opinion we use the facts your predecessor provides us — that the Commissioners Court does not intend to replace the vehicle removed from the district attorney's budget. However, we note that in its brief to us, the Commissioners Court writes that it has proposed to budget a vehicle exchange whereby the district attorney's vehicle is exchanged with the precinct one constable's vehicle. Seegenerally id.
[4] Your predecessor's letter states that the vehicle was purchased with county money but had improvements made to it with your office's "discretionary funds." See Request Letter, supra note 1, at 1. We were informed subsequent to the request that in fact no discretionary funds were used to purchase the vehicle or any of its improvements. See
Telephone Conversation with Terry McEachern, District Attorney (Dec. 14, 2004) [hereinafter Telephone Conversation]. Accordingly, we do not address your predecessor's third question about the district attorney's office's interest in any such improvements.
[5] Your predecessor relies on Attorney General Opinion JC-0214 as standing for the proposition that once a resource has been allocated to a county officer it is no longer subject to the commissioners court's budget-making authority; rather it is forever controlled by the county office to which the resource was allocated originally. See Request Letter, supra note 1, at 1; see generally Tex. Att'y Gen. Op. No. JC-0214
(2000). Instead, Attorney General Opinion JC-0214 stands for this proposition: A commissioners court may tell an official what resources it will place at the official's disposal every time it sets the county budget. But it may not micro-manage the official's decisions as to the use of those resources while those resources are allocated in the budget to that official. See Tex. Att'y Gen. Op. No. JC-0214 (2000) at 3.