ECTOR COUNTY, Texas, Ector County
 Commissioners Court; Jack Crider,
 Bryan Henderson, Ricky Jorgensen,
 Joe Hernandez, Jan Fisher, Bob
 Bryant, and Jim Jordan, Petitioners,

v.

Martin A. STRINGER, Respondent.

ECTOR COUNTY, Texas, Ector County
 Commissioners Court; Jack Crider,
 Bryan Henderson, Ricky Jorgensen,
 Joe Hernandez, Jan Fisher, Bob
 Bryant, and Jim Jordan, Petitioners,

v.

Joe W. HILL, Respondent.

Nos. D–2313, D–2316.

Supreme Court of Texas.

Dec. 16, 1992.

Rehearing Overruled Jan. 20, 1993.

Joel B. Locke, Richard Bonner, Odessa, for petitioner.

Will Hadden, Odessa, for respondent.

## OPINION

GONZALEZ, Justice.

The main issue in these consolidated cases is whether a trial court has jurisdiction to determine the salary allegedly owed two constables for services rendered in the past. In each case, the trial court held that it lacked jurisdiction and thus rendered a take-nothing judgment against the constables. In both cases, the court of appeals reversed the judgment of the trial court and remanded the causes to the trial court for rendition of a judgment in favor of the constables for past salary plus prejudgment interest and attorney's fees. 825 S.W.2d 180. We hold that a trial court lacks jurisdiction to set a constable's salary. We thus reverse the judgments of the

court of appeals and affirm those of the trial court.

## Ector County v. Stringer

Martin Stringer served as a constable in Ector County from January 1, 1985, to December 31, 1988. During this time, he received a salary of $20 per month for the first forty-five months and $100 per month for a subsequent three-month period. In August 1989, Stringer filed suit requesting additional reasonable compensation for the four-year period, plus expenses and attorney's fees. He also sought an order to require the Ector County Commissioners Court to set reasonable compensation and normal fringe benefits during the time he held office.

Following a bench trial, the trial court rendered a take-nothing judgment as to past benefits based on a determination that the court was without jurisdiction to set a salary. However, the trial court made findings that "if the Court has the power to determine the constable's salary," a reasonable salary would have been a rate of $1,500 per month.

The court of appeals reversed the trial court's judgment holding that the trial court had jurisdiction to consider the claim. Based on the trial court's findings, the court of appeals held that Stringer was entitled to recover judgment in the amount of $80,373.47 for the 48–month period, after allowing credit for the sum previously paid. The court of appeals also held that Stringer was entitled to attorney's fees under Texas Civil Practice and Remedies Code section 38.001(1).

## Ector County v. Hill

Joe Hill is currently a constable in Ector County. Commencing on January 1, 1985, he received a salary of $20 per month for a period of 45 months and $100 per month thereafter. In August 1989, he filed suit in district court for additional compensation for the four and one-half year period, plus expenses and attorney's fees. He also sought an order requiring the Ector County Commissioners Court to set reasonable compensation and normal fringe benefits in the future for his services as constable. This suit was consolidated with the *Stringer* suit and after a trial before the court without a jury, the court rendered a judgment similar to the *Stringer* judgment. The trial court held that it lacked jurisdiction to determine what Hill's salary should have been for the period in question and correctly held that mandamus is the appropriate remedy to obtain a reasonable salary determination for the future.[1] Although the trial court denied a monetary recovery, the court found that a reasonable salary for the period in question was $1,500 per month and that the total amount that would have been owed Hill at this rate plus prejudgment interest, after credit for the amount previously paid, was $96,803.13.

The court of appeals reversed the judgment of the trial court and remanded the cause for rendition of judgment in conformance with the trial court's findings, plus prejudgment interest and attorney's fees. 825 S.W.2d 180. Because we hold that a trial court does not have jurisdiction to make salary determinations for constables for past or future service, we reverse the judgments of the court of appeals and affirm those of the trial court.

Article V, § 18 of the Texas Constitution establishes the commissioners court as the principal governing body of the county. The powers and duties of the commissioners courts include aspects of legislative, executive, administrative, and judicial functions. *Avery v. Midland County*, 390 U.S. 474, 482, 88 S.Ct. 1114, 1119, 20 L.Ed.2d 45 (1968).

---

1. The trial court issued writs of mandamus to each county commissioner and the County Judge and

COMMANDED [them] to forthwith set, as the official act of Ector County and of the Ector County Commissioners Court, a reasonable salary, office and travel expense for Joe W. Hill as Ector County Constable of Precinct 4 for the Budget Year 1989–90.

The trial court also commanded the defendants to appear at a certain date to show the court that they had complied with the court's order.

The constitution vests in the district court "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." TEX. CONST. art. V, § 8. With a few narrow exceptions, the legislature has not prescribed procedures for exercising this appellate jurisdiction or supervisory control. The enabling legislation empowering the district court merely repeats the terms of the constitution. TEX. GOV'T CODE § 24.020. *See generally* 35 DAVID BROOKS, COUNTY & SPECIAL DISTRICT LAW § 5.11 (Texas Practice 1989).

The scope of the district courts' jurisdiction has been defined by case law:

> It is equally well settled that the supervisory power of the district court over the judgments of a commissioners' court, as authorized by article 5, section 8, of the Constitution, and article 1908 of the Revised Civil Statutes [the predecessor of the Government code], **can only be invoked when it acts beyond its jurisdiction or clearly abuses the discretion conferred on it by law.**

*Tarrant County v. Shannon*, 129 Tex. 264, 104 S.W.2d 4, 9 (1937) (emphasis added). *Accord, Yoakum County v. Gaines County*, 139 Tex. 442, 163 S.W.2d 393 (1942); *Vondy v. Commissioners Court*, 714 S.W.2d 417, 420 (Tex.App.–San Antonio 1986, writ ref'd n.r.e.).

 One of the duties the constitution entrusts to the discretion of the commissioners court is the setting of constables' salaries. TEX. CONST. art XVI, § 61. In

*Vondy v. Commissioners Court*, 620 S.W.2d 104 (Tex.1981), we held that this provision imposes a mandatory, ministerial duty on the commissioners courts to set a reasonable salary. *Id.* at 109. Thus, while the district court may order the commissioners court to carry out its constitutional duty to set a reasonable salary, the district court cannot substitute its discretion for that of the commissioners by making that determination itself. *Id.* Once the commissioners court acts, the district court may review the commissioners' orders to determine if they are arbitrary, or otherwise constitute an abuse of discretion. *Id.*[2]

In the area of a governing body's fiscal policy, the district court's role is necessarily a limited one:

> [A] court has no right to substitute its judgment and discretion for the judgment and discretion of the governing body upon whom the law visits the primary power and duty to act. Of course, if such governing body acts illegally, unreasonably, or arbitrarily, a court of competent jurisdiction may so adjudge, but there the power of the court ends.

*Lewis v. City of Fort Worth*, 126 Tex. 458, 89 S.W.2d 975, 978 (1936).

 In short, the district court may order the commissioners court to exercise its discretion, but cannot tell the commissioners what decision to make.[3] Once the commissioners court exercises its discretion, the district court may review the order for abuse of discretion, but it cannot substitute its discretion for that of the commissioners court.[4]

---

**2.** There may be other reasons why a commissioners court order could be an abuse of discretion. *See Vondy v. Commissioners Court*, 714 S.W.2d 417, 420 (Tex.App.–San Antonio 1986, writ ref'd n.r.e.) ("'this supervisory jurisdiction can be invoked in a direct attack in the district court when it is alleged that the Commissioners Court order is voidable as being arbitrary, capricious, unsupported by substantial evidence or that the court has acted beyond its jurisdiction'") (quoting *Mobil Oil Corp. v. Matagorda County Drainage Dist. No. 3*, 580 S.W.2d 634, 638 (Tex.Civ.App.–Corpus Christi 1979) *rev'd on other grounds*, 597 S.W.2d 910 (Tex.1980)).

**3.** We need not address whether mandamus is available to order the commissioners court to

determine a reasonable salary for the constables' past services since such relief was not sought here.

**4.** In addition to the constitution, the Texas Local Government Code, section 152.011 states that "[t]he commissioners court of a county shall set the amount of the compensation, office, and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX.LOC.GOV'T CODE § 152.011 (1988). Section 152.011 has been amended since our decision in *Vondy v. Commissioners Court*, 620 S.W.2d 104 (Tex.1981). Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 1, 1987 Tex.Gen.Laws 707, 927. When the legislature re-enacts a statute

The court of appeals advanced a reason for distinguishing *Vondy v. Commissioners Court* on grounds that "[t]he present suit does not seek to have a reasonable salary set by the commissioners court, instead it seeks to have the district court render a judgment for services rendered in the **past**, and the standard by which to determine the amount due is 'a reasonable salary.'" 825 S.W.2d at 181 (emphasis added). The court of appeals held that because Stringer's claim is retrospective in nature, the claim is removed from the mandate of the Texas Constitution and the Texas Local Government Code. We disagree. An award of damages as requested here— in an amount determined by the trial court without deference to the commissioners court's authority to set a reasonable salary—necessarily involves substituting the district's discretion for that of the commissioners court.

The back-pay cases cited in the court of appeals' opinion do not change our analysis. For example, in *Mokwa v. City of Houston,* 741 S.W.2d 142 (Tex.App.–Houston [1st Dist.] 1987, writ denied), a police officer sought to recover back pay from the city for services rendered in a job classification at a higher pay rate than her regular job classification. *Id.* at 143. The court in *Mokwa* stated that a trial court has jurisdiction to determine the amount of back pay due. *Id.* at 145. However, the principal issue in the case was entitlement to compensation at a pay level for a higher classification, for which the amount had been previously established by the governing body. The issue was not that the pay levels had been established too low. Further, the back pay and debt cases cited by

the court of appeals do not involve a constitutional provision and statutes which mandate that a reasonable salary be set only by the commissioners court.[5] Reclassifying compensation due for the past services of a constable as a debt is ineffective to circumvent the authority of the commissioners court to set the salary of a constable.

The court of appeals erred in holding that the trial court had jurisdiction to determine and award a reasonable salary for services rendered in the past by a constable and in awarding attorney's fees and prejudgment interest. Therefore, the judgments of the court of appeals in both of these cases are reversed and those of the trial court are affirmed.[6]

---

without material change, it may be considered to have acquiesced in our earlier statutory interpretation. Because the amendments to the Texas Local Government Code did not in any way alter our holding in *Vondy v. Commissioners Court,* our decision remains applicable. *See Robinson v. Central Texas MHMR Center,* 780 S.W.2d 169, 170 n. 4 (Tex.1989); *First Employees Ins. Co. v. Skinner,* 646 S.W.2d 170, 172 (Tex. 1983).

5. Authorities relied upon by the court of appeals such as *Mokwa v. City of Houston,* 741 S.W.2d 142 (Tex.App.–Houston [1st Dist.] 1987, writ de-

nied), and *City of Galveston v. Russo,* 508 S.W.2d 882 (Tex.Civ.App.–Houston [14th Dist.] 1974, writ ref'd n.r.e.), involve municipal employees not subject to article XVI, § 61.

6. The court of appeals awarded attorney's fees to Stringer and Hill under section 38.001 of the Texas Civil Practice and Remedies Code. This issue is irrelevant because a party must be successful in the suit to recover attorney's fees. *See Bomer v. Ector County Commissioners Court,* 676 S.W.2d 662 (Tex.App.–El Paso 1984, writ ref'd n.r.e.).