Office of the Attorney General · State of Texas



March 23, 1999

Mr. John Branson
Fisher County Auditor
P. O. Box 126
Roby, Texas 79543

Opinion No. JC-0023

Re: Authority of a commissioners court to order an independent audit (RQ-1182)

Dear Mr. Branson:

You tell us that the Fisher County Commissioners Court voted on and approved a motion for an independent audit of the 1997 fiscal year. You ask whether there is any action that you, as the county auditor, may take to deter the audit, which you oppose as unnecessary, unjustified, and a waste of taxpayers' money. We conclude that a county auditor may not prevent a properly ordered independent audit absent an abuse of discretion by the commissioners court.

A commissioners court may authorize an independent audit of the county accounts and officials in two circumstances: 1) upon notice and duly adopted resolution if justified by an imperative public necessity; or 2) by an order properly entered at any regular term determining that an audit would best serve "the public interest." TEX. LOC. GOV'T CODE ANN. § 115.031 (Vernon 1988). The latter circumstance was addressed in a 1955 amendment to the statutory predecessor of subsection 115.031(i), accompanied by this emergency statement: "The fact that it is almost impossible for a Commissioners Court to secure an independent audit of the county records at the present time without casting some reflection on the county officers or the institutions of the county creates an emergency . . . ."[1] Before the addition of subsection (i), a commissioners court could order an independent audit of county accounts and officials only when justified by an imperative public necessity. See TEX. LOC. GOV'T CODE ANN. § 115.031(a)-(h) (Vernon 1988) (steps commissioners court must take to order independent audit justified by imperative public necessity). By adding subsection (i), the legislature provided another, less demanding, procedure for a commissioners court to order an independent audit. See generally 35 DAVID B. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 19.17 (Texas Practice 1989) (interpretation of statutes allowing special and outside auditors).

A county auditor, who shares broad power over county finances with the commissioners court, has "general oversight of the books and records of a county, district, or state officer authorized

---

[1] Act of March 16, 1955, 54th Leg., R.S., ch. 50, § 2, 1955 Tex. Gen. Laws 78, 79.

or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE ANN. § 112.006(a) (Vernon 1988). Claims against the county may not be paid until the auditor has examined and approved them. *Id.* § 113.064. The auditor must also "see to the strict enforcement of the law governing county finances," *id.* § 112.006(b), and "may not audit or approve a claim unless the claim was incurred as provided by law," *id.* § 113.065. However, section 115.031 provides that "[t]he *authority given to county auditors* under this subtitle [chapter 115], as well as other provisions of statutes relating to district, county, and precinct finances and accounts, *is subordinate to the powers of the commissioners court* under this section." *Id.* § 115.031(j) (emphasis added).

As we have noted, subsection 115.031(i) allows a commissioners court to order an independent audit if the court determines it would "best serve the public interest." You ask how "public interest" is defined under that subsection. The Local Government Code does not provide a definition of the term. Whether an independent audit would "best serve the public interest" is a factual determination committed to the discretion of the commissioners court. Courts broadly construe a commissioners court's authority to order an independent audit. In *Guerrero v. Refugio County*, 946 S.W.2d 558, 571 (Tex. App.—Corpus Christi 1997, no writ), for example, the court declared:

> The county commissioners court, with the county judge as presiding officer, exercises power and jurisdiction over all county business, as prescribed by state law. TEX. CONST. art. 5, § 18. Maintaining finance records and examining accounting records of the county are among the functions of the commissioners court. TEX. LOCAL GOV'T CODE ANN. §§ 112.008, 115.022 (Vernon 1988). In order to fulfill these functions, the commissioners court may authorize an independent audit of the accounts and officials if the audit would best serve the public interest. *See* TEX. LOCAL GOV'T CODE ANN. § 115.031 (Vernon 1988). This audit can include the office of the county auditor. *Id.*

In *Commissioners Court of Caldwell County v. Criminal District Attorney*, 690 S.W.2d 932, 934-35 (Tex. App.—Austin 1985, writ ref'd n.r.e.), the court observed: "The correlation of total revenue and expenditure, and apportionment of the former among the various county functions, operations, and programs, *in the overall public interest*, is the essence of the decisionmaking entrusted to the judgment of the Commissioners Court. There could be no clearer grant of discretionary power." (Emphasis in original.)

If you disagree with the commissioners court's determination that an independent audit would "best serve the public interest," you may challenge that finding in district court. The district court has appellate jurisdiction and general supervisory control over a county commissioners court,

with such exceptions and under such regulations as the law may prescribe. TEX. CONST. art. V, § 8 (Vernon 1993). However,

> [a] party can invoke the district court's constitutional supervisory control over a Commissioners Court judgment *only* when the Commissioners Court acts beyond its jurisdiction or clearly abuses the discretion conferred upon the Commissioners Court by law.
>
> . . . .
>
> If the Commissioners Court acts illegally, unreasonably, or arbitrarily, a district court may so adjudge.

*Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (citing *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992)) (emphasis added). Once a commissioners court exercises its discretion, the district court may review the order for abuse of discretion, but the district court cannot substitute its judgment and discretion for that of the commissioners court. *Id.* While the determination for an independent audit may be reviewed by the district court on an abuse of discretion standard, it will not be overturned solely because of a difference of opinion concerning its wisdom. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

## S U M M A R Y

Under section 115.031(i) of the Local Government Code, a commissioners court may provide for an independent audit of accounts and officials if the court, by an order entered at any regular term, determines that the audit would best serve the public interest. Whether an independent audit would "best serve the public interest" is a factual determination committed to the discretion of the commissioners court. A county auditor may not prevent a properly ordered independent audit absent an abuse of discretion by the commissioners court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Prepared by James E. Tourtelott
Assistant Attorney General