11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Commissioners
Court of Brown County et al  

Appellants

Vs.      
            No. 11-01-00254-CV
B  Appeal from Brown
County

Jim Grigsby

Appellee

 

This case
involves the district court=s jurisdiction over the setting of a salary for a county
constable.  Because the district court
set the constable=s
salary for certain years and failed to limit its jurisdiction to an abuse of
discretion review of the Commissioners Court=s salary orders, we reverse and remand for further proceedings in
accordance with this opinion.[1]   

Background
Facts     

Jim
Grigsby became the constable of Precinct 4 in Brown County in September
1996.   In August 1997, Grigsby filed a
budget request for a salary and expenses with the Commissioners Court.  He requested a salary of $25,000.00 a year
and a total budget of $56,625.00.  The
Commissioners Court did not approve his request and did not set an annual
salary at that time.  The Commissioners
Court determined that the service of process fees that Grigsby collected and
kept constituted a reasonable salary. 
Grigsby appealed the Commissioners Court=s decision to the County Grievance Committee.  The County Grievance Committee upheld the decision.       








On April
3, 1998, Grigsby filed this suit in the district court for writ of mandamus and
for declaratory relief against the Commissioners Court.  He requested  judgment and a writ of mandamus declaring that $25,000.00 a year
is a reasonable salary for the performance of the duties of constable and
ordering the defendants to pay $25,000.00 retroactively to January 1,
1997.  Grigsby sought to recover back
expenses and benefits, attorney=s fees, and $100,000.00 in punitive damages.  Grigsby also alleged a civil rights claim under 42 U.S.C.A. ' 1983 (West Pamph. Supp. 2002).  The trial court severed the civil rights
claim by agreement of the parties.  

Grigsby
continued to file yearly budget requests with the Commissioners Court.  The Commissioners Court denied the amounts
requested by Grigsby.  In September
1998, the Commissioners Court did approve a salary of $3,600.00 for the next
fiscal year (October 1, 1998 through September 30, 1999), plus expenses of
$600.00 and full retirement and health benefits.  For the following fiscal year, the Commissioners Court set
Grigsby=s salary at $3,780.00 a year, plus expenses
of $918.06 and retirement and health benefits. 
Later, in March 2000, the Commissioners Court amended the budget to
increase Grigsby=s salary to $6,000.00 a year for the
remainder of that fiscal year.  

The trial
court held a pretrial hearing.  Grigsby
and the Commissioners Court  both argued
motions for summary judgment at the hearing. 
The Commissioners Court agreed that it had a constitutional duty to pay
Grigsby a reasonable salary.  The trial
court did not rule on the motions at the hearing.  The trial court stated that it could not decide the issue of
whether a salary is reasonable or not without hearing evidence.  However, without hearing any evidence, the
trial court at the same hearing ruled that Grigsby=s current salary of $6,000.00 was
unreasonable as a matter of law.  In its
interim order, the trial court ordered the Commissioners Court to set a
reasonable salary by August 10, 2000, and further ordered that, if the
Commissioners Court failed to set a reasonable salary by that date, a writ of
mandamus would issue.  In response, the
Commissioners Court set a salary of $15,000.00 per year, plus expenses and
benefits.

At the
nonjury trial on the merits, the trial court identified what it considered to
be the remaining issues for disposition: 
(1) whether the $15,000.00 salary set by the Commissioners Court in
response to the interim order was reasonable; and  (2) what the salaries should have been for 1997, 1998, and
1999.  The Commissioners Court argued
that the trial court did not have the authority to determine the amount of the
salaries for prior years or to enter a money judgment for back wages. 








Ray West,
the county judge, testified.  At the
conclusion of his testimony, the trial court held that the $15,000.00 salary,
plus expenses and benefits, was reasonable for the year 2000.  Rex Bessent, the Brown County auditor, then
testified about Grigsby=s past and present salaries. 
Bessent also testified about raises that Brown County employees received
during the relevant time period. 
Grigsby=s attorney testified about attorney=s fees. 
Grigsby testified about the constable work, fees that he collected from
serving process, his budget requests to the Commissioners Court, and his
salaries in the past and the present. 
Both parties offered their summary judgment evidence; and the trial
court admitted it into evidence, with the exception of some newspaper
articles.   The trial court took the
remaining issues under advisement.  

The trial
court entered its final judgment, finding that the $15,000.00 salary set by the
Commissioners Court for the 1999-2000 
fiscal year was reasonable and ordering the Commissioners Court to pay
$49,175.00 to Grigsby for back salaries and expenses.  The trial court found that the Commissioners Court failed to set
a reasonable salary for Grigsby for the 1996-1999 fiscal years.  The trial court also made findings as to
what constituted a reasonable salary for the 1996-1999 fiscal years.  The trial court based its salaries upon a finding
that ABrown County employees have received at least
a 3% increase in salary each year since 1996.@  The trial court computed
Grigsby=s past salaries by taking the $15,000.00
salary for the 1999-2000 fiscal year and decreasing it each prior year by 3
percent.  The trial court determined
reasonable salaries as follows: $13,650.00 for 96-97; $14,100.00 for 97-98;
$14,550.00 plus expenses of $1,018.00 for 98-99; and $15,000.00 plus expenses
of $1,050.00 for 99-00.   The trial
court awarded Grigsby $49,175.00 based on the $15,000.00 salary and the
salaries set by the trial court less funds previously paid to Grigsby. 

The trial
court entered judgment against the defendants in their official capacities but
not in their individual capacities.  The
trial court did not award any attorney=s fees to Grigsby, finding that it lacked jurisdiction to award
attorney=s fees. 


                                                      Issues
Presented

The
Commissioners Court, as an appellant, presents 11 issues for review.  The first 8 issues assert that the trial
court erred when it set the constable=s salary for the past years, when it failed to limit its review of the
Commissioners Court=s
salary decisions under an abuse of discretion standard, and when it based
certain findings and conclusions of law on legally and factually insufficient
evidence.

                                                            Trial
Court=s Jurisdiction








TEX. CONST.
art. 16, ' 61 requires commissioners courts to
compensate constables on a salary basis. 
Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 108
(Tex.1981).  The Texas Supreme Court has
explained that Athis provision imposes a mandatory, ministerial
duty on the commissioners courts to set a reasonable salary.@ 
Ector County v. Stringer, 843 S.W.2d 477, 479 (Tex.1992).  

The
district courts have general supervisory control over the commissioners courts
and original mandamus jurisdiction to compel commissioners courts to carry out
their constitutional duties.  See Vondy
v. Commissioners Court of Uvalde County, 620 S.W.2d supra at 108; Ector County
v. Stringer, supra at 479.  A district
court may require a commissioners court to carry out its constitutional duty to
set reasonable salaries for constables. 
Ector County v. Stringer, supra at 479.   However, Athe district court cannot substitute its discretion for that of the
commissioners by making that determination itself.@ 
Ector County v. Stringer, supra at 479. 
The district courts lack jurisdiction to set constables= salaries for past or future services.  Ector County v. Stringer, supra at 478-79;
see also Vondy v. Commissioners Court of Uvalde County, 714 S.W.2d 417, 420
(Tex.App. - San Antonio 1986, writ ref=d n.r.e.).  The commissioners
courts must set the reasonable salary. 
Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d supra at
108-09.  Once the commissioners court
sets the salary, the district court may review the commissioners court=s salary decision to determine if it
constitutes an abuse of discretion. 
Ector County v. Stringer, supra at 479.

In Stringer,
two constables sought to recover money judgments for services rendered in the
past.  In each case, the trial court
determined that it lacked jurisdiction to set a salary but determined that a
reasonable salary would have been $1,500.00 a month.  The court of appeals reversed and held that the trial court had
jurisdiction to set and award a salary for a constable=s past services.  Based upon the trial court=s findings as to what a reasonable salary would have been and crediting
the amounts previously paid to the two constables, the court of appeals
determined that one constable was entitled to a judgment for $80,373.47 and the
other constable was entitled to a judgment for $96,803.13.  The Supreme Court reversed the court of
appeals and affirmed the judgment of the trial court.  The Supreme Court explained:








The court of appeals
advanced a reason for distinguishing Vondy v. Commissioners Court on grounds
that A[t]he present suit does not seek to have a
reasonable salary set by the commissioners court, instead it seeks to have the
district court render a judgment for services rendered in the past, and the
standard by which to determine the amount due is >a reasonable salary.=@  The court of appeals held that
because [the constable=s]
claim is retrospective in nature, the claim is removed from the mandate of the
Texas Constitution and the Texas Local Government Code.  We disagree.  An award of damages as requested hereBin an amount determined by the trial court
without deference to the commissioners court=s authority to set a reasonable salaryBnecessarily involves substituting the [district court=s] discretion for that of the commissioners
court.  (Citation omitted)

  

Ector
County v. Stringer, supra at 480.  The
Supreme Court concluded that:

The court of appeals erred in holding that
the trial court had jurisdiction to determine and award a reasonable salary for
services rendered in the past by a constable and in awarding prejudgment
interest and attorney=s
fees.

 

Ector
County v. Stringer, supra at 480.

In this case, the trial court only had jurisdiction to review the
Commissioners Court=s
salary orders to determine whether the orders constituted abuses of
discretion.  See Ector County v.
Stringer, supra at 479.  The trial
court, without hearing any evidence, entered its interim order and found that
Grigsby=s current salary of $6,000.00 was
unreasonable as a matter of law and ordered the Commissioners Court to set a
reasonable salary by August 10.  The
trial court failed to apply the correct standard of review to the Commissioners
Court=s $6,000.00 salary decision, and there was
legally insufficient evidence to support the trial court=s holding that $6,000.00 was unreasonable as
a matter of law.             

In its final judgment, the trial court found that the Commissioners
Court failed to set a reasonable salary for Grigsby for the 1996-1999 fiscal
years.  The trial court then set
salaries for those years by taking the salary of $15,000.00, which the trial
court determined to be reasonable, and decreasing it each prior year by 3
percent.  The trial court=s final judgment was error because the trial
court substituted its discretion for that of the Commissioners Court.  Ector County v. Stringer, supra at 480.  The trial court lacked jurisdiction to set
past or future salaries for constables; it only had jurisdiction to review
orders of the Commissioners Court to determine if the orders constituted an
abuse of discretion.  Ector County v.
Stringer, supra at 479.  We sustain the
Commissioners Court=s
first through eighth issues.








On remand,
the trial court should begin by hearing evidence and reviewing the
Commissioners Court=s
$6,000.00 salary order to determine if the Commissioners Court abused its
discretion.  After this initial
determination, the trial court should hear evidence and review the
Commissioners Court=s
salary orders for the other fiscal years to determine if the Commissioners
Court abused its discretion with respect to any of the orders.  If the orders constitute abuses of
discretion, the trial court can, if requested, exercise its mandamus
jurisdiction and order the Commissioners Court to carry out its constitutional
duty to set a reasonable salary.   See
Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d supra at 109.   

Attorney=s Fees

The trial
court correctly ruled that it lacked jurisdiction to award attorney=s fees. 
Ector County v. Stringer, supra at 480. 
The Commissioners Court=s ninth issue complains that, although the trial court determined that
it lacked jurisdiction to award attorney=s fees, the trial court stated that it would have awarded Grigsby attorney=s fees in the amount of $15,000.00 if it had
the jurisdiction to award attorney=s fees.  Because the trial court
lacked jurisdiction to award attorney=s fees, we need not address the ninth issue, and we overrule Grigsby=s first issue that the trial court erred in
finding that it lacked jurisdiction to award attorney=s fees.

Remaining
Issues on Appeal

Because we
reverse and remand the judgment on jurisdictional grounds, we need not address
the Commissioners Court=s tenth or eleventh issues or Grigsby=s second issue.[2]  TEX.R.APP.P. 47.1.

                                                                 This
Court=s Ruling

We reverse
the judgment of the trial court and remand the cause to the trial court for
further proceedings consistent with this opinion. 

 

TERRY
McCALL

JUSTICE

August 22, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of:  Wright, J., and

McCall, J., and McCloud, S.J.[3]











     [1]Grigsby and the Commissioners Court both filed briefs
as appellants in this appeal.  We will
refer to the parties as AGrigsby@ and the ACommissioners Court,@
instead of appellant or appellee.





     [2]In its tenth issue, the Commissioners Court argues that
the trial court erred in entering the judgment because it is protected from
such a judgment on the basis of sovereign immunity.  In its eleventh issue, the Commissioners Court asserts that it is
entitled to a credit on any judgment for fees collected by Grigsby for service
of process.   In his second issue,
Grigsby complains that the trial court erred by failing to enter judgment
against the members of the Brown County Commissioners Court in their individual
capacities. 





     [3]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.