Opinion filed April 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00309-CV

                                                    __________

 

                                      TOMMY
GRANT, Appellant

 

                                                             v.

 

COMMISSIONERS COURT OF
NAVARRO COUNTY, TEXAS, Appellee



 

                                   On
Appeal from the 13th District Court

 

                                                          Navarro
County, Texas

 

                                               Trial
Court Cause No. 10-18829-CV

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Tommy
Grant, constable of Precinct 4, Navarro County, sought a mandamus in the
district court and asked the district court to order the Commissioners Court of
Navarro County, Texas, to set a reasonable salary for his office.  The district
court denied relief.  We affirm.

            When
Grant filed his petition for writ of mandamus, he was the constable of Precinct
4, Navarro County.  He officially had taken office as Constable on January 1,
2009.

            Navarro
County’s fiscal year begins on October 1 each year and ends on September 30 of
the following year.  The commissioners court of Navarro County approved the
budget for fiscal year 2008–2009 by order dated September 22, 2008.  That
budget period began on October 1, 2008, and ended on September 30, 2009.  The
commissioners court approved the budget for fiscal year 2009–2010 by order
dated September 21, 2009.  That budget period began on October 1, 2009,
and ended on September 30, 2010.  On September 14, 2009, not satisfied with the
salary that the commissioners court set for his office for fiscal year 2009–2010,
Grant filed a request to be heard by the Navarro County salary grievance
committee.  That hearing never took place.   Next, on January 22, 2010, Grant
filed his original petition for writ of mandamus.  He filed an amended petition
for writ of mandamus on August 13, 2010.

            In
his amended petition, Grant asked the trial court to order the commissioners
court to set a reasonable salary for his office for “the fiscal years 2009 and
2010.”  It is apparent from Grant’s pleadings that, when he refers to fiscal
year 2009, he is referring to that period of time beginning October 1, 2008,
and ending on September 30, 2009.  When he refers to fiscal year 2010, he is
referring to that period of time beginning October 1, 2009, and ending on
September 30, 2010.

            On
July 19, 2010, the commissioners court filed a “Motion for Summary Judgment and
Plea to the Jurisdiction.”  On August 27, 2010, the district court granted the
motion and ordered that Grant “take nothing by his claims.”  The district court
did not state the reasons why it entered its order.  This appeal followed.

            Grant
presents us with one issue: “Whether the district court has mandamus power and
jurisdiction over the county commissioners court to force it to set a
reasonable salary for the constable’s office.”  The answer to that question is
generally yes.  The commissioners court agrees with that general proposition,
but argues that the district court’s power and jurisdiction are not without
limitation.

The principal governing body of a county is the commissioners court.  Tex. Const. art. V, § 18.

            As
concerns the salary issue before us, the Texas Constitution, Article XVI, section
61 provides in relevant part:

            In
all counties in this State, the Commissioners Courts shall be authorized to
determine whether precinct officers shall be compensated on a fee basis or on a
salary basis, with the exception that it shall be mandatory upon the
Commissioners Courts, to compensate all justices of the peace, constables,
deputy constables and precinct law enforcement officers on a salary basis.

 

Tex. Const. art. XVI, § 61(b).  Sections
152.011 and 152.013(a) of the Texas Local Government Code also address the
obligation of a commissioners court in relation to salaries and expenses of
county and precinct officers, elected county or precinct officers, and
employees.  Tex. Loc. Gov’t Code Ann. §§
152.011, 152.013(a) (West 2008).

            A
commissioners court must not only set a salary—the one it sets must be a
reasonable one.  Vondy v. Comm’rs Court of Uvalde Cnty., 620 S.W.2d 104,
108–09 (Tex. 1981).  This duty is entrusted to the discretion of the
commissioners court, and the duty is a mandatory and ministerial one.  Ector
Cnty. v.  Stringer, 843 S.W.2d 477, 479 (Tex. 1992).

            Under
the Texas Constitution, the district court has “appellate jurisdiction and
general supervisory control over the County Commissioners Court, with such
exceptions and under such regulations as may be prescribed by law.”  Tex. Const. art. V, § 8.  The enabling
legislation repeats the constitutional provision.  Tex. Gov’t Code Ann. § 24.020 (West 2004); Comm’rs Court
of Titus Cnty. v. Agan, 940 S.W.2d 77, 79 (Tex. 1997).

             As
we have said, the commissioners court rightly concedes that district courts
generally have mandamus power and jurisdiction over the commissioners court and
may order it to set a reasonable salary for a constable, but the commissioners
court asserts that there are limitations to what the district court may do.  It
urges that one such limitation is found in Section 152.0165(a) of the Local
Government Code.  “An elected county or precinct officer may not file suit
regarding the officer’s salary or personal expenses unless a hearing has been
requested and held under Section 152.016.”  Tex.
Loc. Gov’t Code Ann. §
152.0165(a) (West 2008).  Section 152.016 details the procedure for
hearings in salary grievance matters.  Id. § 152.016.  The commissioners
court takes the position that a Section 152.016 hearing was never held for
either fiscal year and that, because there was not, the district court was
deprived of jurisdiction in this case.

            Subject-matter
jurisdiction is a threshold question.  Tex. Dep’t
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  Therefore, we will first
address the commissioners court’s claim that Section 152.0165 of the Local
Government Code is a bar to Grant’s suit.  We first note that both a plea to the
jurisdiction and a motion for summary judgment are appropriate for challenging
subject-matter jurisdiction.   Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Here, the commissioners court has challenged
subject-matter jurisdiction through both vehicles.

To invoke the subject-matter jurisdiction of a court, the one bringing
the claim must allege facts that affirmatively demonstrate that the court has
jurisdiction to hear it.  Miranda, 133 S.W.3d at 226; Tex. Ass’n
of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  A
defendant will prevail on a plea to the jurisdiction if
he shows an incurable jurisdictional defect apparent from the face of the
pleadings that makes it impossible for the plaintiff’s petition to confer jurisdiction
on the district court.  Miranda, 133 S.W.3d at 226–27.  Courts must consider
evidence when necessary to decide jurisdictional issues.  Id. at 221; Tex.
Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist.,
34 S.W.3d at 554–55.  If the relevant evidence is undisputed or fails to raise
a fact question on the jurisdictional issue, a district court rules on the plea
to the jurisdiction as a matter of law. Miranda, 133 S.W.3d at 228.

Here, as a matter of law, Grant’s pleadings show that no salary grievance
committee hearing was either requested or held for fiscal year 2008–2009.  As
far as fiscal year 2009–2010 is concerned, Grant pleaded that he did not know
about the budget for his office for that fiscal year until he went to a budget
hearing on September 14, 2009.  At that hearing, Grant requested a salary
increase.  The commissioners court tabled consideration of Grant’s salary
request.

Grant left that meeting and prepared a written request for a hearing
before the Navarro County salary grievance committee.  Later that afternoon, he
took the request to Navarro County Commissioners James Olsen and Faith Holt. 
Both Olsen and Holt told Grant that there was no salary grievance committee in
Navarro County.  Grant took his request to the county judge’s office.  The
county judge’s secretary told him that there was no salary grievance committee
in Navarro County because it had not been completely formed.

The Navarro County salary grievance committee had not been completely
formed because the public members of the committee had not been selected.  When
complete, a salary grievance committee is composed of nine voting members.  Tex. Loc. Gov’t Code Ann. § 152.014
(West 2008).  The county judge is the nonvoting chairman of a salary grievance
committee.  Id. § 152.014(b).  Certain elected officials are voting
members of the committee.  Id. § 152.014(a)(1).  Additionally, the
statute provides for the appointment of enough public members to bring the
number of voting members to nine.  Id.  Or, the commissioners court may
vote to use nine public members to constitute the committee.  Id. § 152.014(a)(2). 
No public members had been appointed to the salary grievance committee in
Navarro County for either of the fiscal years under review.  The commissioners
court maintains that, regardless of that fact, the statute’s requirements are
clear—not only must there be a request for a hearing, the hearing must be
held.  Until both of the requirements are met, the district court is deprived
of jurisdiction to hear and determine the matter.

The commissioners court is correct.  As previously noted, Section
152.0165(a) provides: “An elected county or precinct officer may not file suit
regarding the officer’s salary or personal expenses unless a hearing has
been requested and held under Section 152.016” (emphasis added).  Unlike
other statutes that only require a claimant to initiate grievance proceedings,
here the request for a hearing and the hearing itself are both prerequisites to
a suit.  Compare Section 152.0165 (claimant required to request a
hearing before the grievance committee and hearing actually must be held), with
Tex. Gov’t Code Ann. § 554.006 (West
2004) (claimant only required to initiate grievance procedures under Whistleblower
Act), and Univ. of Tex. Med. Branch at Galveston v. Barrett, 159
S.W.3d 631, 632 (Tex. 2005) (“Section 554.006 does not require that grievance
or appeal procedures be exhausted before suit can be filed; rather, it requires
that such procedures be timely initiated . . . .”).  Such prerequisites
are a matter of subject-matter jurisdiction.  “Statutory prerequisites to a
suit . . . are jurisdictional requirements in all suits against a governmental
entity.”  Tex. Gov’t Code Ann. § 311.034
(West Supp. 2011).

Subject-matter jurisdiction is “essential to the authority of a court to
decide a case” and “is never presumed and cannot be waived.”  Tex. Ass’n of
Bus., 852 S.W.2d at 443–44.  Because there was no hearing before a salary
grievance committee on Grant’s salary claims—jurisdictional prerequisites to
suit—the district court was without jurisdiction to hear them.[1] 
The district court was correct to grant the commissioners court’s plea to the
jurisdiction.  Grant’s sole issue on appeal is overruled.

The district court denied Grant’s request for attorney’s fees.  Although
Grant asked for the award of attorney’s fees in his prayer for relief in this
court, he has not brought forward an issue on that point and has not briefed
it.  Therefore, we need not consider the award of attorney’s fees.  See Tex. R. App. P. 38.1.




The judgment of the
trial court is affirmed.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

April 12,
2012

Panel consists of: Wright,
C.J.,

McCall, J., and Kalenak, J.   









[1]Although the availability of such an order is not
before us, we note that, when Grant found out that there was no salary
grievance committee in Navarro County, he did not attempt to invoke the
supervisory power of the district court in an effort to get the district court
to order the commissioners court to perform their mandatory, nondiscretionary
duty to organize fully the salary grievance committee so that he could have a
hearing before them.