**Opinion filed April 12, 2012**



# In The

# Eleuenth Court of Appeals

_____

## No. 11-10-00309-CV

_____

## TOMMY GRANT, Appellant

### v.

## COMMISSIONERS COURT OF NAVARRO COUNTY, TEXAS, Appellee

**On Appeal from the 13th District Court**

**Navarro County, Texas**

**Trial Court Cause No. 10-18829-CV**

### M E M O R A N D U M   O P I N I O N

Tommy Grant, constable of Precinct 4, Navarro County, sought a mandamus in the district court and asked the district court to order the Commissioners Court of Navarro County, Texas, to set a reasonable salary for his office. The district court denied relief. We affirm.

When Grant filed his petition for writ of mandamus, he was the constable of Precinct 4, Navarro County. He officially had taken office as Constable on January 1, 2009.

Navarro County's fiscal year begins on October 1 each year and ends on September 30 of the following year. The commissioners court of Navarro County approved the budget for fiscal

year 2008–2009 by order dated September 22, 2008. That budget period began on October 1, 2008, and ended on September 30, 2009. The commissioners court approved the budget for fiscal year 2009–2010 by order dated September 21, 2009. That budget period began on October 1, 2009, and ended on September 30, 2010. On September 14, 2009, not satisfied with the salary that the commissioners court set for his office for fiscal year 2009–2010, Grant filed a request to be heard by the Navarro County salary grievance committee. That hearing never took place. Next, on January 22, 2010, Grant filed his original petition for writ of mandamus. He filed an amended petition for writ of mandamus on August 13, 2010.

In his amended petition, Grant asked the trial court to order the commissioners court to set a reasonable salary for his office for "the fiscal years 2009 and 2010." It is apparent from Grant's pleadings that, when he refers to fiscal year 2009, he is referring to that period of time beginning October 1, 2008, and ending on September 30, 2009. When he refers to fiscal year 2010, he is referring to that period of time beginning October 1, 2009, and ending on September 30, 2010.

On July 19, 2010, the commissioners court filed a "Motion for Summary Judgment and Plea to the Jurisdiction." On August 27, 2010, the district court granted the motion and ordered that Grant "take nothing by his claims." The district court did not state the reasons why it entered its order. This appeal followed.

Grant presents us with one issue: "Whether the district court has mandamus power and jurisdiction over the county commissioners court to force it to set a reasonable salary for the constable's office." The answer to that question is generally yes. The commissioners court agrees with that general proposition, but argues that the district court's power and jurisdiction are not without limitation.

The principal governing body of a county is the commissioners court. TEX. CONST. art. V, § 18.

As concerns the salary issue before us, the Texas Constitution, Article XVI, section 61 provides in relevant part:

> In all counties in this State, the Commissioners Courts shall be authorized to determine whether precinct officers shall be compensated on a fee basis or on a salary basis, with the exception that it shall be mandatory upon the Commissioners Courts, to compensate all justices of the peace, constables, deputy constables and precinct law enforcement officers on a salary basis.

TEX. CONST. art. XVI, § 61(b). Sections 152.011 and 152.013(a) of the Texas Local Government Code also address the obligation of a commissioners court in relation to salaries and expenses of county and precinct officers, elected county or precinct officers, and employees. TEX. LOC. GOV'T CODE ANN. §§ 152.011, 152.013(a) (West 2008).

A commissioners court must not only set a salary—the one it sets must be a reasonable one. *Vondy v. Comm'rs Court of Uvalde Cnty.*, 620 S.W.2d 104, 108–09 (Tex. 1981). This duty is entrusted to the discretion of the commissioners court, and the duty is a mandatory and ministerial one. *Ector Cnty. v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992).

Under the Texas Constitution, the district court has "appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law." TEX. CONST. art. V, § 8. The enabling legislation repeats the constitutional provision. TEX. GOV'T CODE ANN. § 24.020 (West 2004); *Comm'rs Court of Titus Cnty. v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997).

As we have said, the commissioners court rightly concedes that district courts generally have mandamus power and jurisdiction over the commissioners court and may order it to set a reasonable salary for a constable, but the commissioners court asserts that there are limitations to what the district court may do. It urges that one such limitation is found in Section 152.0165(a) of the Local Government Code. "An elected county or precinct officer may not file suit regarding the officer's salary or personal expenses unless a hearing has been requested and held under Section 152.016." TEX. LOC. GOV'T CODE ANN. § 152.0165(a) (West 2008). Section 152.016 details the procedure for hearings in salary grievance matters. *Id.* § 152.016. The commissioners court takes the position that a Section 152.016 hearing was never held for either fiscal year and that, because there was not, the district court was deprived of jurisdiction in this case.

Subject-matter jurisdiction is a threshold question. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Therefore, we will first address the commissioners court's claim that Section 152.0165 of the Local Government Code is a bar to Grant's suit. We first note that both a plea to the jurisdiction and a motion for summary judgment are appropriate for challenging subject-matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Here, the commissioners court has challenged subject-matter jurisdiction through both vehicles.

To invoke the subject-matter jurisdiction of a court, the one bringing the claim must allege facts that affirmatively demonstrate that the court has jurisdiction to hear it. *Miranda*, 133 S.W.3d at 226; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A defendant will prevail on a plea to the jurisdiction if he shows an incurable jurisdictional defect apparent from the face of the pleadings that makes it impossible for the plaintiff's petition to confer jurisdiction on the district court. *Miranda*, 133 S.W.3d at 226–27. Courts must consider evidence when necessary to decide jurisdictional issues. *Id.* at 221; *Tex. Natural Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001); *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554–55. If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, a district court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228.

Here, as a matter of law, Grant's pleadings show that no salary grievance committee hearing was either requested or held for fiscal year 2008–2009. As far as fiscal year 2009–2010 is concerned, Grant pleaded that he did not know about the budget for his office for that fiscal year until he went to a budget hearing on September 14, 2009. At that hearing, Grant requested a salary increase. The commissioners court tabled consideration of Grant's salary request.

Grant left that meeting and prepared a written request for a hearing before the Navarro County salary grievance committee. Later that afternoon, he took the request to Navarro County Commissioners James Olsen and Faith Holt. Both Olsen and Holt told Grant that there was no salary grievance committee in Navarro County. Grant took his request to the county judge's office. The county judge's secretary told him that there was no salary grievance committee in Navarro County because it had not been completely formed.

The Navarro County salary grievance committee had not been completely formed because the public members of the committee had not been selected. When complete, a salary grievance committee is composed of nine voting members. TEX. LOC. GOV'T CODE ANN. § 152.014 (West 2008). The county judge is the nonvoting chairman of a salary grievance committee. *Id.* § 152.014(b). Certain elected officials are voting members of the committee. *Id.* § 152.014(a)(1). Additionally, the statute provides for the appointment of enough public members to bring the number of voting members to nine. *Id.* Or, the commissioners court may vote to use nine public members to constitute the committee. *Id.* § 152.014(a)(2). No public members had been appointed to the salary grievance committee in Navarro County for either of

the fiscal years under review.  The commissioners court maintains that, regardless of that fact, the statute's requirements are clear—not only must there be a request for a hearing, the hearing must be held.  Until both of the requirements are met, the district court is deprived of jurisdiction to hear and determine the matter.

The commissioners court is correct.  As previously noted, Section 152.0165(a) provides: "An elected county or precinct officer may not file suit regarding the officer's salary or personal expenses *unless a hearing has been requested and held* under Section 152.016" (emphasis added).  Unlike other statutes that only require a claimant to initiate grievance proceedings, here the request for a hearing and the hearing itself are both prerequisites to a suit.  *Compare* Section 152.0165 (claimant required to request a hearing before the grievance committee and hearing actually must be held), *with* TEX. GOV'T CODE ANN. § 554.006 (West 2004) (claimant only required to *initiate* grievance procedures under Whistleblower Act), *and Univ. of Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631, 632 (Tex. 2005) ("Section 554.006 does not require that grievance or appeal procedures be exhausted before suit can be filed; rather, it requires that such procedures be timely initiated . . . .").  Such prerequisites are a matter of subject-matter jurisdiction.  "Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."  TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011).

Subject-matter jurisdiction is "essential to the authority of a court to decide a case" and "is never presumed and cannot be waived."  *Tex. Ass'n of Bus.*, 852 S.W.2d at 443–44.  Because there was no hearing before a salary grievance committee on Grant's salary claims— jurisdictional prerequisites to suit—the district court was without jurisdiction to hear them.[1]  The district court was correct to grant the commissioners court's plea to the jurisdiction.  Grant's sole issue on appeal is overruled.

The district court denied Grant's request for attorney's fees.  Although Grant asked for the award of attorney's fees in his prayer for relief in this court, he has not brought forward an issue on that point and has not briefed it.  Therefore, we need not consider the award of attorney's fees.  *See* TEX. R. APP. P. 38.1.

---

[1]Although the availability of such an order is not before us, we note that, when Grant found out that there was no salary grievance committee in Navarro County, he did not attempt to invoke the supervisory power of the district court in an effort to get the district court to order the commissioners court to perform their mandatory, nondiscretionary duty to organize fully the salary grievance committee so that he could have a hearing before them.

5

The judgment of the trial court is affirmed.

JIM R. WRIGHT

CHIEF JUSTICE

April 12, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.