May 14, 2012

The Honorable Seth C. Slagle
Clay County Attorney
Post Office Drawer 449
Henrietta, Texas   76365-0449

Opinion No.  GA-0930

Re:   Authority of a commissioners court to adopt regulations under section 352.081, Local Government Code, which relates to local burn bans   (RQ-1013-GA)

Dear Mr. Slagle:

You ask about the authority of a county commissioners court to place "restrictions, limitations, or exemptions [on] a burn ban issued under Section 352.081 of the Local Government Code."[1]  Subsection 352.081(c) states, in relevant part:

> The commissioners court of a county by order may prohibit or restrict outdoor burning in general or outdoor burning of a particular substance in all or part of the unincorporated area of the county if:
>
> (1)   drought conditions have been determined to exist as provided by Subsection (b); or
>
> (2)   the commissioners court makes a finding that circumstances present in all or part of the unincorporated area create a public safety hazard that would be exacerbated by outdoor burning.

TEX. LOC. GOV'T CODE ANN. § 352.081(c) (West Supp. 2011).  You explain that in adopting burn bans, some counties have added restrictions or exemptions. Brief at 4.  You tell us, for example, that a county has adopted a ban allowing individuals to be exempt from the ban when burning for "agricultural purposes, when the wind is below 10 miles per hour, the humidity is above 25 percent, and the Volunteer Fire Department is on standby." *Id.*  You also explain that some counties have added exemptions to burn bans for "burning agricultural crop lands, pasture lands, and/or brush piles." *Id.*  You ask whether these further restrictions and exemptions are permissible under Local Government Code section 352.081.  Request Letter at 1.

A county commissioners court may exercise only those powers conferred upon it by the Constitution or a state statute. TEX. CONST. art. V, § 18(b); *City of San Antonio v. City of Boerne,*

---

[1]Letter and Brief from Honorable Seth C. Slagle, Clay Cnty. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 15, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter" & "Brief").

111 S.W.3d 22, 28 (Tex. 2003). However, in the exercise of its express power, a commissioners court has the necessary implied authority to exercise broad discretion to accomplish an authorized purpose. *City of San Antonio*, 111 S.W.3d at 28; *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Subsection 352.081(c) expressly gives a commissioners court discretion to determine both the substances that are subject to the ban and the locations where outdoor burning can be prohibited. Tex. Loc. Gov't Code Ann. § 352.081(c) (West Supp. 2011) (authorizing the prohibition of "burning in general or . . . of a particular substance in all or part of the unincorporated area of the county"). Thus, the Legislature has expressly authorized the commissioners court to adopt exemptions for specific areas or substances that would otherwise be subject to a general burn ban. In addition, the commissioners court's general authority to adopt burn bans implies authority to create further exemptions or restrictions regarding the details of the ban, as long as they meet the requirements of section 352.081 and any other relevant provisions of the Local Government Code.[2]

You also ask whether a commissioners court can "place further restrictions on the activities exempted under [Local Government Code subsection] 352.081(f)." Request Letter at 1. That subsection states:

> This section does not apply to outdoor burning activities:
>
> > (1)  related to public health and safety that are authorized by the Texas Natural Resource Conservation Commission for:
> >
> > > (A)   firefighter training;
> > >
> > > (B)   public utility, natural gas pipeline, or mining operations; or
> > >
> > > (C)   planting or harvesting of agriculture crops; or
> >
> > (2)  that are conducted by a prescribed burn manager certified under Section 153.048, Natural Resources Code, and meet the standards of Section 153.047, Natural Resources Code.

Tex. Loc. Gov't Code Ann. § 352.081(f) (West Supp. 2011).[3] By excluding these specific activities from the authority otherwise granted by section 352.081, the Legislature has prohibited a commissioners court from regulating these outdoor burning activities. Thus, a commissioners court has no authority to place restrictions on the outdoor burning activities described in subsection 352.081(f).

---

[2]The commissioners court's exercise of discretion is subject to judicial review by a district court for an abuse of discretion. *Ector Cnty. v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992).

[3]The name of the Texas Natural Resource Conservation Commission has changed to the Texas Commission on Environmental Quality ("TCEQ"). *See* Act of May 27, 2001, 77th Leg., R.S., ch. 965, § 18.01(a)(1), 2001 Tex. Gen. Laws 1933, 1985; http://www.tceq.texas.gov/about/name_change.html.

## S U M M A R Y

Pursuant to Local Government Code subsection 352.081(c), the Legislature has generally authorized a commissioners court to adopt a burn ban, including restrictions, limitations, or exemptions on a burn ban issued under that section.

The Legislature has prohibited a commissioners court from regulating the outdoor burning activities described in Local Government Code subsection 352.081(f).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee