**Petition for Writ of Mandamus Denied and Opinion filed October 17, 2017.**



In The

# Fourteenth Court of Appeals

### NO. 14-17-00743-CR

### IN RE LEXTER KENNON KOSSIE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 0546166**

## MEMORANDUM OPINION

On September 21, 2017, relator Lexter Kennon Kossie filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator, who was convicted of a felony, asks this court to compel the Honorable Ed Emmett, County Judge of the Harris County

Commissioners' Court, to rule on his petition for post-conviction writ of habeas corpus (habeas petition). Our court lacks jurisdiction for two reasons.

First, the court of appeals does not have original mandamus jurisdiction over county commissioners. *See* Tex. Const. art. V, § 8; *Ector County v. Stringer*, 843 S.W.2d 477, 479 (Tex. 1992); *Comte v. Smith County Commissioners' Court*, No. 06-14-00086-CV, 2015 WL 6521198, at *4 (Tex. App.—Texarkana Oct. 28, 2015, pet. denied) (mem. op.). Though this court has jurisdiction to issue all writs necessary to enforce the court's appellate jurisdiction under section 22.221 of the Texas Government Code, relator has not alleged that the issuance of a writ compelling the requested relief is necessary to enforce this court's appellate jurisdiction. *See* Tex. Gov. Code Ann §22.221 (West, Westlaw through 2017 R.S.). Therefore, we lack jurisdiction to issue a writ of mandamus against the County Judge of the Harris County Commissioners' Court.

Second, the Texas Court of Criminal Appeals has exclusive jurisdiction in final post-conviction habeas corpus proceedings. Tex. Code Crim. Proc. Ann. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding). An intermediate appellate court has no authority to compel a trial court to rule on matters related to a petition for writ of habeas corpus. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."). Therefore, we have no jurisdiction over relator's request for relief.

Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jewell.
Do Not Publish — Tex. R. App. P. 47.2(b).